**TEXAS WORKERS' COMPENSATION INSURANCE FUND, Appellant,**

v.

**Gerardo RODRIGUEZ, Appellee.**

No. 13–95–528–CV.

Court of Appeals of Texas, Corpus Christi.

July 17, 1997.

Rehearing Overruled Oct. 2, 1997.

David L. Brenner, Burns, Anderson, Jury & Brenner, Austin, Joe R. Anderson, Austin, Mary Nichols, General Counsel, TX Workers' Compensation Ins. Fund, Austin, for Appellant.

Edward O. Garcia, San Antonio, for Appellee.

Before DORSEY, CHAVEZ and RODRIGUEZ, JJ.

## OPINION

DORSEY, Justice.

This is a suit by the Texas Workers' Compensation Insurance Fund (the Fund) to overturn an appeals panel's decision which, in effect, found that the claimant, Gerardo Rodriguez, was in the course and scope of his employment when he was allegedly injured. Rodriguez and the Fund moved for summary judgment, and the court granted summary judgment for Rodriguez and denied summary judgment for the Fund. By two points of error, the Fund complains that Rodriguez was not acting within the course and scope of his employment and that it was not liable for compensation due to the exception in Section 406.032(1)(D) of the Texas Labor Code. We affirm.

Gerardo Rodriguez worked for the Billy Pugh Company (BPC), an offshore safety equipment company. His job duties included grinding fiberglass and helping in assembly. BPC provided two ten-minute breaks per day. The morning break was at 10:00 a.m., and the afternoon break was at 3:00 p.m. Rodriguez had to punch the time clock when he arrived at work in the morning, punch out for lunch, punch in when he returned to work, and punch out when he left work in the evening. During these short ten-minute respites from work he did not have to punch in and out, but remained "on the clock." Rodriguez testified he would have to return to work if BPC called him back while he was on one of these ten-minute scheduled breaks.

Rodriguez testified that during the scheduled breaks, "it was routine to go outside and toss a football out there in the field." Tossing a football was routine for everyone; even BPC's vice-president participated. Tossing the football was not a required activity, and Rodriguez did not consider it as part of his job duties. However, it was done with permission from the supervisors. He considered tossing the football a social activity.

During an afternoon break in January 1993, Rodriguez was jogging to catch the football and stepped into a hole, twisting his knee. This injury occurred on BPC's premises. After his injury, his doctor took him off work. However, in April 1993, he returned to work because he had bills to pay. BPC assigned him to lighter duty in the buoy shop. After one or two months in the buoy shop, BPC transferred him to grinding fiberglass and "busting up barrels." He worked until he had surgery on September 22, 1993. After his surgery, he was off work until April or May of 1994. He tried to go back to work at BPC, but he found out that they had fired him.

### Procedural History

After his injury, Gerardo Rodriguez filed a Notice of Injury and Claim for Compensation. A benefit review conference [1] was held at which the parties failed to reach agreement. After a contested case hearing [2] on May 20, 1993, a hearing officer ruled that when Rodriguez was injured on a scheduled break while tossing a football with coworkers on the employer's premises and fell in a hole, injuring his left knee, he was not in the course and scope of his employment. The hearing officer also held that since the injury was non-compensable, Rodriguez did not have a disability.

Rodriguez appealed the decision to an appeals panel [3] which reversed the hearing officer's decision. It rendered a new decision that Rodriguez was injured in the course and scope of his employment under the personal comfort doctrine [4] (and also under the recreational or social activity doctrine). It reversed the hearing officer's decision that Rodriguez did not have a disability as a result of his injury. It remanded the case

1. See TEX. LAB.CODE ANN. § 410.023 (Vernon 1996).

2. See TEX. LAB.CODE ANN. § 410.151 (Vernon 1996).

3. See TEX. LAB.CODE ANN. § 410.202 (Vernon 1996).

4. Larson's *Workmen's Compensation Law*, Vol. 1A, § 21.00 (1990) discusses the personal comfort doctrine as follows:

for further development of the evidence, if needed, on the disability issue.

The Fund filed an original petition in the 28th District Court of Nueces County naming Rodriguez as the defendant. By this suit, it sought judicial review of the appeals panel's decision.

The Fund filed a summary judgment motion in which it requested the trial court to set aside the appeals panel decision on the grounds that it is not liable for compensation to Rodriguez because his injury arose out of his voluntary participation in an off-duty, recreational, social, or athletic activity that did not constitute part of his work-related duties as provided in section 406.032(1)(D) of the Texas Labor Code.

Rodriguez moved for summary judgment on the basis that he was in the course and scope of his employment at the time he received his injury.

On October 5, 1995, the trial court granted summary judgment for Rodriguez without specifying the ground or grounds on which it relied. It denied the Fund's summary judgment motion.

### Standard of Review

To obtain a summary judgment, the movant must show that no genuine issues of material fact exist and that he is entitled to judgment as a matter of law. TEX.R. CIV. P. 166a(c); *Cathey v. Booth*, 900 S.W.2d 339, 341 (Tex.1995); *Nixon v. Mr. Property Management Co.*, 690 S.W.2d 546, 548–49 (Tex. 1985). In determining whether a material fact issue exists, the court considers all evidence favorable to the nonmovant as true. *Cathey*, 900 S.W.2d at 341; *Nixon*, 690 S.W.2d at 548–49. If the defendant moves for summary judgment, he must negate at

Employees who, within the time and space limits of their employment, engage in acts which minister to personal comfort do not thereby leave the course of employment, unless the extent of the departure is so great that an intent to abandon the job temporarily may be inferred, or unless, in some jurisdictions, the method chosen is so unusual and unreasonable that the conduct cannot be considered an incident of the employment.

least one element of the plaintiff's cause of action or conclusively establish an affirmative defense. *Cathey*, 900 S.W.2d at 341.

■ When a court grants summary judgment for one movant and denies summary judgment for the other without specifying its reasons for so ruling, an appellate court may affirm the trial court's judgment if any of the grounds raised in the prevailing movant's motion were meritorious. *Camco Int'l, Inc. v. Perry R. Bass, Inc.*, 926 S.W.2d 632, 635 (Tex.App.—Fort Worth 1996, writ denied). If the other movant raised meritorious grounds in its previously denied motion, then the appellate court may reverse the trial court's judgment and render judgment in favor of that party. *Id.; See Jones v. Strauss*, 745 S.W.2d 898, 900 (Tex.1988). On appeal, the court must answer all questions presented in both motions. *See Camco Int'l*, 926 S.W.2d at 635.

■ By point one, the Fund argues that the trial court erred in granting Rodriguez's summary judgment motion and denying its summary judgment motion because Rodriguez, as a matter of law, was not acting in the course and scope of his employment when he was injured. The Fund points out that the only issue presented to the trial court in the summary judgment motions was whether Rodriguez was in the course and scope of employment as a matter of law. Its position is that he was not injured in the course and scope of his employment.

The Texas Labor Code provides that an insurance carrier is liable for compensation for an employee's injury without regard to fault or negligence if the injury arises out of and in the course and scope of employment. TEX. LAB.CODE ANN. § 406.031(a)(2) (Vernon 1996). The Texas Workers' Compensation Act provides a two-part definition of course and scope of employment: 1) "an activity of any kind or character that has to do with and originates in the work, business, trade, or profession of the employer," and 2) "performed by an employee while engaged in or about the furtherance of the affairs or business of the employer." TEX. LAB.CODE ANN. § 401.011(12) (Vernon 1996).

■ Course and scope of employment is not limited to the exact moment when the employee reports for work, the moment when the employee's labors are completed, or to the place where work is done. *See Deatherage v. International Ins. Co.*, 615 S.W.2d 181, 183 (Tex.1981). If the injury is the result of an activity that originates from the employment, and is received while the employee is actually engaged in furthering the employer's business, the person is deemed to have sustained the injury within the course and scope of employment. TEX. LAB.CODE ANN. § 401.011(12) (Vernon 1996); *See Deatherage*, 615 S.W.2d at 183.

BPC's summary judgment evidence included Rodriguez's deposition and the affidavit of Paul Liberato, BPC's president. Rodriguez's summary judgment proof included the appeals panel's decision and a portion of his deposition.

Liberato's affidavit stated, in relevant part: "It was not and is not the policy or the practice of Billy Pugh Co. to expect its employees to toss a football on their scheduled 10 minute morning and afternoon breaks or to engage in any other particular recreational, athletic or social activity during their breaks. Accordingly, Billy Pugh Co. did not expect Gerardo Rodriguez to toss a football or engage in any other particular social, athletic or recreational activity during his scheduled afternoon break on January 29, 1993 or on any other day while he was an employee of Billy Pugh Co.

"Billy Pugh Co. did not in any way, either expressly in its oral or written employment policies, or impliedly in practice or otherwise, require Mr. Rodriguez or any other employee to participate in the activity of playing with a football during the scheduled afternoon break on January 29, 1993 or on any other day while he was an employee of Billy Pugh Co., or require his participation in any other particular social, athletic or recreational activity.

"During scheduled 10 minute morning and afternoon breaks, employees are considered by Billy Pugh Co. "off duty" and are free to engage in any activity which is not work-related, so long as that activity does

not endanger the employee, his co-workers or any other person or property. During breaks, employees are not required to hold themselves in readiness to work."

The summary judgment evidence showed that BPC scheduled two ten-minute breaks each day. Rodriguez did not punch in or punch out for these breaks. Rodriguez, as well as other employees, took advantage of the breaks by tossing a football. His injury occurred on one of these breaks while jogging to catch the football.

Rodriguez was injured at his employer's work place, during his work day, while on a brief regularly scheduled ten-minute break from his usual tasks. The short break he was on originated in the business of his employer and was in furtherance of the employer's business, because to be grinding unceasingly at the tasks assigned by his employer without any breaks would be a hazard to himself and others and would not be the most efficient means of conducting his employer's business. While on break, he was in the furtherance of the employer's business. That he was tossing a football or walking across the shop's yard is not material. We hold that he sustained the injury within the course and scope of employment. *See* TEX. LAB.CODE ANN. § 401.011(12) (Vernon 1996). We overrule point one.

 By point two, the Fund asserts the court erred in granting summary judgment for Rodriguez and denying summary judgment for itself because, as a matter of law, it is not liable for compensation due to the exception found in Section 406.032(1)(D) of the Texas Labor Code. This section provides:

> An insurance carrier is not liable for compensation if:
>
> (1) the injury:
>
>   *   *   *   *   *   *
>
> (D) arose out of voluntary participation in an off-duty recreational, social, or athletic activity that did not constitute part of the employee's work-related duties, unless the activity is a reasonable expectancy of or is expressly or impliedly required by the employment. . . .

TEX. LAB.CODE ANN. § 406.032(1)(D) (Vernon 1996).

In this case, the act of tossing the football occurred during one of BPC's company mandated breaks. BPC knew that Rodriguez and other employees tossed the football during the breaks; it gave its permission, and a company vice-president participated. Therefore, the act of tossing the football during breaks was a reasonable expectancy of his employment with BPC. Accordingly, we hold that the Fund is liable for compensation to Rodriguez. We overrule point two.

We AFFIRM the trial court's judgment.