NUMBER
13-00-634-CV

 

                             COURT
OF APPEALS

 

                   THIRTEENTH
DISTRICT OF TEXAS

 

                                CORPUS
CHRISTI

___________________________________________________________________

 

MOBIL PRODUCING TEXAS & NEW MEXICO,
INC.,                  Appellant,

 

                                                   v.

 

ROBERT CANTOR, EDDIE CANTOR, 

AND ROYCE A. SCOTT,                                                        Appellees.

___________________________________________________________________

 

                         On
appeal from the 25th District Court

                                 of
Gonzales
 County, Texas.

__________________________________________________________________

 

                                   O
P I N I O N

 

                    Before
Justices Dorsey, Yañez, and Rodriguez

                                Opinion
by Justice Rodriguez

 








Appellant, Mobil Producing Texas & New Mexico, Inc.
(Mobil), appeals from an order granting its motion for summary judgment.  By four issues, Mobil contends the trial
court erred in limiting damages to two years, denying its request for
prejudgment interest and attorneys= fees, and
apportioning court costs.  In the
alternative, by its fifth issue, Mobil urges that the trial court erred in
entering a final judgment.  We affirm.

                                                    I.  Background

This is an oil and gas case. 
The dispute arises out of a reworking operation on the
Borchers-Hilbrich-Gardien Unit Well No. 1 in Gonzales County, Texas (the
well).  In November 1992, Mobil, the
operator of the well, sued appellees, Robert Cantor, Eddie Cantor and Royce
Scott, to recover overpayment of revenues appellees received from production,
after they elected to non-consent to the proposed reworking operations on the
well.[1]  Mobil filed suit against appellees for breach
of contract and, in the alternative, unjust enrichment.

Mobil and appellees filed motions for summary judgment.  The trial court granted Mobil=s motion and
denied appellees= motions.  However, the court limited Mobil=s recovery to $6,348.85,
revenues received by appellees during the two years preceding the suit.  Mobil moved to modify the judgment to include
revenues received by appellees for four years prior to the filing of the
petition, an amount totaling $197,062.03 (after credits), plus prejudgment
interest, attorneys= fees, and
court costs.  Alternatively, Mobil moved
for a new trial.  Mobil=s post-judgment
motions were denied by operation of law.








II.  Standard of Review

Because the correctness of a summary judgment is a question of
law, we review the trial court's decision de novo.  Natividad v. Alexsis, Inc., 875 S.W.2d
695, 699 (Tex. 1994).  The standards for reviewing a motion for
summary judgment are well established: (1) the movant has the burden of showing
that no genuine issue of material fact exists and that it is entitled to
judgment as a matter of law; (2) in deciding whether there is a disputed
material fact issue precluding summary judgment, evidence favorable to the
nonmovant will be taken as true; and (3) every reasonable inference must be
indulged in favor of the nonmovant and any doubts resolved in its favor.  Nixon v. Mr. Prop. Mgmt. Co., 690
S.W.2d 546, 548-49 (Tex. 1985); see Tex.
R. Civ. P. 166a(c).  A[G]rounds for
summary judgment must be expressly presented in the summary judgment motion
itself.@  McConnell v. Southside Indep. Sch. Dist.,
858 S.W.2d 337, 338 (Tex. 1993).  However, A[g]rounds may be stated concisely, without
detail and argument.  But they must at
least be listed in the motion.@  Id. at 339
(quoting Roberts v. Southwest Tex. Methodist Hosp., 811 S.W.2d 141, 146
(Tex. App.BSan Antonio
1991, writ denied) (op. on reh=g)).  The summary judgment is affirmable on appeal
if any ground asserted in the motion for summary judgment is a valid ground for
rendering summary judgment.  Cincinnati
Life Ins. Co. v. Cates, 927 S.W.2d 623, 626 (Tex. 1996); Tex.
Workers= Comp. Ins.
Fund v. Rodriguez, 953 S.W.2d 765, 768 (Tex. App.BCorpus Christi 1997, pet. denied).








III.  Damages

The trial court granted Mobil=s summary judgment and awarded damages
calculated on a two-year statute of limitations, a limitations period
applicable to an action based on unjust enrichment.  See HECI Exploration Co. v. Neel, 982
S.W.2d 881, 885 (Tex. 1998) (two-year statute of limitations for unjust
enrichment claim); see also Tex.
Civ. Prac. & Rem. Code ' 16.003 (Vernon Supp. 2002). 

By its first and second issues, Mobil challenges the trial
court=s application
of a two-year statute of limitations, rather than the four-year statute which
would apply to a breach of contract claim. 
See Pitman v. Lightfoot, 937 S.W.2d 496, 510 (Tex. App.BSan Antonio
1996, writ denied) (four-year statute of limitations for breach of contract
action); see also Tex. Civ. Prac.
& Rem. Code Ann. ' 16.004 (Vernon Supp. 2002);
Haliburton v. City of San Antonio, 974 S.W.2d
779, 784 (Tex. App.BSan Antonio
1998, no pet.) (where periodic payments are contractually required, statute of
limitations will bar only those payments due more than four years before filing
suit, even though breach may have occurred more than four years before suit
filed).  Mobil contends the calculation
was incorrect because the only basis argued in its motion for summary judgment
was breach of contract.








However, our review of Mobil=s motion for summary judgment shows that
both issues were asserted.  The motion
provided that each defendant failed and refused to repay revenues from the well
that were received in error.  It
expressly stated that A[s]uch failure
is a breach of contract by Defendants and constitutes unjust enrichment to the
Defendants.@  Furthermore, the motion referenced the brief
filed in support of the motion wherein Mobil presented argument and authorities
on its breach of contract claim and on its unjust enrichment claim.  In response, while conceding Mobil had a
claim for restitution or unjust enrichment, appellees argued the summary
judgment evidence raised several genuine issues of material fact on that
claim.  Appellees further contended Mobil=s summary
judgment proof could not establish a claim for restitution or unjust enrichment
as a matter of law.[2]

Based on our review of the record, we conclude Mobil listed a
second ground as a basis for summary judgment, that being it was entitled to
judgment as a matter of law because no genuine issue of material fact existed
on its unjust enrichment claim.  See
McConnell, 858 S.W.2d at 339. 
Accordingly, because unjust enrichment was asserted in the motion for
summary judgment and is a valid ground for rendering summary judgment, the
summary judgment is affirmable on appeal. 
See Cincinnati Life Ins., 927 S.W.2d at
626; Rodriguez, 953 S.W.2d at 768. 
Thus, the trial court did not err in calculating damages based on a
two-year statute of limitations.  See
HECI Exploration, 982 S.W.2d at 885.








Furthermore, as the concurrence sets out, the operating
agreement did not place an obligation on appellees to take action to suspend
payments.  Thus, there can be no
breach.  There can, however, be recovery
under a quasi-contract theory such as unjust enrichment.  See Fortune Prod. Co. v. Conoco, Inc., 52 S.w.3d
671, 684 (Tex. 2000).  Mobil=s first and
second issues are overruled.

IV.  Prejudgment Interest

By its third and fourth issues, Mobil challenges the trial
court=s failure to
award prejudgment interest.  Mobil
contends that, in accordance with section 302.002 of the Texas Finance Code,
contract interest, absent agreement, is six percent.  See Act of June 19, 1997, 75th Leg.,
R.S., ch. 1008, ' 1, 1997 Tex.
Gen. Laws 3422 (amended 1999) (current version at Tex. Fin. Code Ann. ' 3002.002 (Vernon Supp.
2002)).  This is true.  However, the claim on which Mobil prevailed
did not sound in contract, but rather in tort.[3]  Therefore, the trial court was precluded from
applying this statute, and did not err in denying Mobil=s request for
prejudgment interest on that basis. 
Mobil=s third and
fourth points are overruled on the prejudgment interest issue.

V.  Attorneys= Fees and Court
Costs








Mobil also contends in its third and fourth issues that the
court erred in denying  its request for
attorneys= fees and court
costs.  Mobil claimed entitlement to
reasonable attorneys= fees and costs
based on section 38.001 of the civil practices and remedies code.  See Tex.
Rev. Civ. Prac. & Rem. Code ' 38.001 (Vernon Supp.
2002).  Section 38.001 provides that a
person may recover reasonable attorneys= fees and costs
if a claim is for an oral or written contract. 
Id. at
38.001(8).  Section 38.001 does not
provide for recovery of fees and costs on an unjust enrichment claim.  Therefore, because Mobil=s breach of
contract failed, it cannot recover attorneys= fees and costs.  See Green Intern, Inc. v. Solis, 951
S.W.2d 384, 390 (Tex. 1997).

Furthermore, it is well settled that the assessment of court
costs is within the sound discretion of the trial court, and will be reversed
only if the trial court abused its discretion. 
Allen v. Crabtree, 936 S.W.2d 6, 7 (Tex. App.BTexarkana 1996,
no writ).  A trial court does not abuse
its discretion in taxing costs against both sides where neither party was
wholly successful in that one expected to receive more while the other expected
to pay less.  See Okon v. Levy,
612 S.W.2d 938, 943-44 (Tex. App.BDallas 1981,
writ ref=d n.r.e.).  In this case Mobil hoped to recover more
under its breach of contract claim. 
Instead, it recovered under its unjust enrichment claim.  Appellees, on the other hand, hoped to pay
less by obtaining a take nothing judgment. 
The court did not abuse its discretion in awarding court costs against
both sides.  Mobil=s third and
fourth points are overruled on the issue of attorneys= fees and court
costs.

VI.  Issues of Material
Fact 

In its fifth issue, Mobil, in the alternative, argues the trial
court erred in entering a final judgment as its evidence leaves open issues of
material fact regarding Mobil=s damages, as
well as other theories of recovery asserted in its amended petition.








To the extent Mobil argues that damage issues related to its
cause of action for  breach of contract
remain, we disagree.  By denying Mobil=s request for
damages outside the two-year period preceding suit, attorneys= fees and
pre-judgment interest, the court finally disposed of Mobil=s unjust
enrichment claim for recovery of gas revenue payments erroneously made to
appellees.  See Southwestern Elec.
Power Co. v. Burlington No. R.R. Co., 966 S.W.2d 467, 469-70 (Tex. 1998); see
also, e.g., Staats v. Miller, 150 Tex. 581, 243 S.W.2d 686, 687-88 (Tex.
1951) (allowing restitution for excess money held by defendant after selling
plaintiffs= cotton
harvester pursuant to oral contract); Bowers v. Mo., Kan. & Tex. Ry. Co.,
241 S.W. 509, 510-11 (Tex. Civ. App.BTexarkana 1922,
no writ) (allowing restitution for freight charges paid in excess of rates
specified in shipping contract); Gulf Oil Corp. v. Lone Star Producing Co.,
322 F.2d 28, 31-33 (5th Cir. 1963) (holding plaintiff could recover money
mistakenly paid in excess of contract price); Natural Gas Pipeline Co. v.
Harrington, 246 F.2d 915, 921 (5th Cir. 1957) (gas company entitled to
restitution of difference between contract rate and price paid under invalid
rate order set by regulatory board). 
Mobil=s action for
breach of contract sought only the recovery of the same gas revenue
payments.  Mobil asserted no other breach
in its contract action.  We conclude
there are no remaining issues of material fact regarding Mobil=s contract
damages.








Mobil also contends that issues of material fact remain
regarding other theories of recovery asserted in its amended petition.  However, Mobil filed its amended petition[4]
after the motions for summary judgment had been heard, and did not request or
receive leave of court to do so.  Once
the trial court has heard a motion for summary judgment, the movant may not
file an amended petition unless he first secures leave of court.  Tex.
R. Civ. P. 1661(c); Hussong v. Schwan=s Sales
Enterprises, Inc., 896 S.W.2d 320, 323 (Tex. App.BHouston [1st Dist.] 1995, no writ); Leinen
v. Burrington=s Bayou City
Serv. Co.,
824 S.W.2d 682, 685 (Tex. App.BHouston [14th
Dist.] 1992, no writ).  Thus, Mobil=s first amended
petition was not properly before the trial court.  Leinen , 824 S.W.2d at 685.  Because the theories of recovery asserted in
Mobil=s amended
petition were not before the trial court, there can be no open issues of
material fact regarding those claims. 
The trial court did not err in entering a final judgment.  Mobil=s fifth issue
is overruled.

Accordingly,
the judgment of the trial court is affirmed.                                                                                                                                                                   

NELDA V. RODRIGUEZ

Justice

 

Concurring Opinion by
Justice Dorsey joined by Justice Yañez.

 

Publish.

Tex.
R. App. P. 47.3.

 

Opinion delivered and
filed

this 19th day of
December, 2002.

 

                          * * * * * * * * * * *
* *

 



            




 
 
 
 
 
 
 
 
 




 

 

 

 

 

 

 

                                   NUMBER
13-00-634-CV

 

                             COURT
OF APPEALS

 

                   THIRTEENTH
DISTRICT OF TEXAS

 

                                CORPUS
CHRISTI

___________________________________________________________________

 

MOBIL PRODUCING TEXAS & 

NEW MEXICO, INC.,                                                             Appellant,

 

                                                   v.

 

ROBERT CANTOR, EDDIE CANTOR, 

AND ROYCE A. SCOTT,                                                        Appellees.

___________________________________________________________________

 

                         On
appeal from the 25th District Court

                                 of
Gonzales County, Texas.

__________________________________________________________________

 

                           CONCURRING
OPINION

 

                    Before
Justices Dorsey, Yañez, and Rodriguez

                          Concurring
Opinion by Justice Dorsey

 












This is an unusual case in which the movant for summary judgment is
unhappy with the judgment received, and appeals from it seeking increased
damages.  The main bone of contention is
whether the summary judgment was properly granted on the doctrine of unjust
enrichment, with its two year statute of limitations, or whether it should have
been granted on a breach of contract theory with a four year period as
appellant contends.  Although appellant
plead that appellees breached the contract, an operating agreement for an oil
and gas well, there is absolutely no evidence of such a breach.  

The agreement spelled out how the parties= interests in
production would be affected should some not consent to the re-working of the
well.  There is no dispute that the
Cantor appellees elected not to participate in the reworking, so their revenue
interest diminished in accordance with the agreement until Mobil and the
consenting parties recovered the reworking costs from production.  However, the operating agreement did not
place an obligation on the non-consenting parties, the Cantors,  to take any action in order to suspend their
payments.   That being so, it is
difficult to see how they could breach the contract.  Rather, they received moneys they were not
entitled to under the agreement, a classic case for application of the doctrine
of unjust enrichment.  












Mobil=s rights to an
increased share of revenue of the well, and appellants= decreased share, are
determined by the contract, but no duty was imposed on appellants to take any
action to implement those terms of the operating agreement.   The mere receipt of money they were not
entitled to does not constitute a breach.   
There is no evidence that appellants breached the contract.  The summary judgment could not be properly
granted on a breach of contract theory with its accompanying four year statute
of limitations.  

I agree the case should be affirmed.   


 

                                                                                                                                                                                                                                               


J.
BONNER DORSEY

Justice

 

Joined
by Justice Yañez. 

 

Publish.

Tex.
R. App. P. 47.3.

 

Concurring Opinion
delivered and filed

this 19th day of
December, 2002.                          



 











[1]Pursuant
to the operating agreement, appellees should not have received revenues of
production until Mobil had recovered from appellees their proportionate
interest in reworking costs and operating expenses, plus the penalty
prescribed.  The revenues that were
overpaid to appellees form the basis of this lawsuit.





[2]We
note appellees also responded that Mobil=s
motion for summary judgment Aaddresses
only the breach of contact claim.@  However, based on our analysis of the motion,
the brief filed in support of the motion, and the response, appellees=
statement is not enough to negate our conclusion that Mobil asserted unjust
enrichment as a basis for summary judgment.





[3]Mobil=s
pleading did not limit its request for prejudgment interest to its breach of
contract claim.  However, while its
motion for summary judgment asked for prejudgment interest on its contract
claim, it made no request for prejudgment interest in the event Mobil prevailed
on its unjust enrichment claim. Because the trial court cannot grant a summary
judgment for more relief than is requested in the motion, it was not authorized
to award prejudgment interest when it rendered judgment granting Mobil=s
unjust enrichment claim.  See Sci.
Spectrum, Inc. v. Martinez,
941 S.W.2d 910, 912 (Tex.
1997).





[4]Mobil
amended its pleadings to include a new claim for conversion and a request for
punitive damages.