MOBIL PRODUCING TEXAS & NEW MEXICO, INC., Appellant,

v.

Robert CANTOR, Eddie Cantor, and Royce A. Scott, Appellees.

No. 13–00–634–CV.

Court of Appeals of Texas, Corpus Christi–Edinburg.

Dec. 19, 2002.

Rehearing Overruled Jan. 30, 2003.

Gary E. Ellison, Houston, for appellant.

Frank E. Weathered, Dunn & Weathered, Corpus Christi, Lisa Chavarria, Michael McElroy, McElroy, Sullivan, Ryan & Miller, Austin, for appellees.

Royce A. Scott, appellee pro se.

Before Justices DORSEY, YAÑEZ, and RODRIGUEZ.

## OPINION

Opinion by Justice RODRIGUEZ.

Appellant, Mobil Producing Texas & New Mexico, Inc. (Mobil), appeals from an order granting its motion for summary judgment. By four issues, Mobil contends the trial court erred in limiting damages to two years, denying its request for prejudgment interest and attorneys' fees, and apportioning court costs. In the alternative, by its fifth issue, Mobil urges that the trial court erred in entering a final judgment. We affirm.

## I. Background

This is an oil and gas case. The dispute arises out of a reworking operation on the Borchers–Hilbrich–Gardien Unit Well No. 1 in Gonzales County, Texas (the well). In November 1992, Mobil, the operator of the well, sued appellees, Robert Cantor, Eddie Cantor and Royce Scott, to recover overpayment of revenues appellees received from production, after they elected to nonconsent to the proposed reworking operations on the well.[1] Mobil filed suit against appellees for breach of contract and, in the alternative, unjust enrichment.

Mobil and appellees filed motions for summary judgment. The trial court granted Mobil's motion and denied appellees' motions. However, the court limited Mobil's recovery to $6,348.85, revenues received by appellees during the two years preceding the suit. Mobil moved to modify the judgment to include revenues received by appellees for four years prior to the filing of the petition, an amount totaling $197,062.03 (after credits), plus prejudgment interest, attorneys' fees, and court costs. Alternatively, Mobil moved for a new trial. Mobil's post-judgment motions were denied by operation of law.

## II. Standard of Review

Because the correctness of a summary judgment is a question of law, we review the trial court's decision *de novo*. *Natividad v. Alexsis, Inc.*, 875 S.W.2d 695, 699 (Tex.1994). The standards for reviewing a motion for summary judgment are well established: (1) the movant has the burden of showing that no genuine issue of material fact exists and that it is entitled to judgment as a matter of law; (2) in deciding whether there is a disputed material fact issue precluding summary judgment, evidence favorable to the nonmovant will be taken as true; and (3) every reasonable inference must be indulged in favor of the nonmovant and any doubts resolved in its favor. *Nixon v. Mr. Prop. Mgmt. Co.*, 690 S.W.2d 546, 548–49 (Tex. 1985); *see* Tex.R. Civ. P. 166a(c). "[G]rounds for summary judgment must be expressly presented in the summary judgment motion itself." *McConnell v. Southside Indep. Sch. Dist.*, 858 S.W.2d 337, 338 (Tex.1993). However, "[g]rounds may be stated concisely, without detail and argument. But they must at least be listed in the motion." *Id.* at 339 (quoting *Roberts v. Southwest Tex. Methodist Hosp.*, 811 S.W.2d 141, 146 (Tex.App.-San Antonio 1991, writ denied) (op. on reh'g)). The summary judgment is affirmable on appeal if any ground asserted in the motion for summary judgment is a valid ground for rendering summary judgment. *Cincinnati Life Ins. Co. v. Cates*, 927

---

1. Pursuant to the operating agreement, appellees should not have received revenues of production until Mobil had recovered from appellees their proportionate interest in reworking costs and operating expenses, plus the penalty prescribed. The revenues that were overpaid to appellees form the basis of this lawsuit.

S.W.2d 623, 626 (Tex.1996); *Tex. Workers' Comp. Ins. Fund v. Rodriguez*, 953 S.W.2d 765, 768 (Tex.App.-Corpus Christi 1997, pet. denied).

## III. Damages

 The trial court granted Mobil's summary judgment and awarded damages calculated on a two-year statute of limitations, a limitations period applicable to an action based on unjust enrichment. *See HECI Exploration Co. v. Neel*, 982 S.W.2d 881, 885 (Tex.1998) (two-year statute of limitations for unjust enrichment claim); *see also* TEX. CIV. PRAC. & REM.CODE § 16.003 (Vernon Supp.2002).

By its first and second issues, Mobil challenges the trial court's application of a two-year statute of limitations, rather than the four-year statute which would apply to a breach of contract claim. *See Pitman v. Lightfoot*, 937 S.W.2d 496, 510 (Tex.App.-San Antonio 1996, writ denied) (four-year statute of limitations for breach of contract action); *see also* TEX. CIV. PRAC. & REM.CODE ANN. § 16.004 (Vernon Supp.2002); *Haliburton v. City of San Antonio*, 974 S.W.2d 779, 784 (Tex.App.-San Antonio 1998, no pet.) (where periodic payments are contractually required, statute of limitations will bar only those payments due more than four years before filing suit, even though breach may have occurred more than four years before suit filed). Mobil contends the calculation was incorrect because the only basis argued in its motion for summary judgment was breach of contract.

However, our review of Mobil's motion for summary judgment shows that both issues were asserted. The motion provid-ed that each defendant failed and refused to repay revenues from the well that were received in error. It expressly stated that "[s]uch failure is a breach of contract by Defendants and constitutes unjust enrichment to the Defendants." Furthermore, the motion referenced the brief filed in support of the motion wherein Mobil presented argument and authorities on its breach of contract claim and on its unjust enrichment claim. In response, while conceding Mobil had a claim for restitution or unjust enrichment, appellees argued the summary judgment evidence raised several genuine issues of material fact on that claim. Appellees further contended Mobil's summary judgment proof could not establish a claim for restitution or unjust enrichment as a matter of law.[2]

Based on our review of the record, we conclude Mobil listed a second ground as a basis for summary judgment, that being it was entitled to judgment as a matter of law because no genuine issue of material fact existed on its unjust enrichment claim. *See McConnell*, 858 S.W.2d at 339. Accordingly, because unjust enrichment was asserted in the motion for summary judgment and is a valid ground for rendering summary judgment, the summary judgment is affirmable on appeal. *See Cincinnati Life Ins.*, 927 S.W.2d at 626; *Rodriguez*, 953 S.W.2d at 768. Thus, the trial court did not err in calculating damages based on a two-year statute of limitations. *See HECI Exploration*, 982 S.W.2d at 885.

Furthermore, as the concurrence sets out, the operating agreement did not place an obligation on appellees to take action to suspend payments. Thus, there can be no breach. There can, however, be recovery

---

**2.** We note appellees also responded that Mobil's motion for summary judgment "addresses only the breach of contact claim." However, based on our analysis of the motion, the brief filed in support of the motion, and the response, appellees' statement is not enough to negate our conclusion that Mobil asserted unjust enrichment as a basis for summary judgment.

under a quasi-contract theory such as unjust enrichment. *See Fortune Prod. Co. v. Conoco, Inc.*, 52 S.W.3d 671, 684 (Tex. 2000). Mobil's first and second issues are overruled.

## IV. Prejudgment Interest

By its third and fourth issues, Mobil challenges the trial court's failure to award prejudgment interest. Mobil contends that, in accordance with section 302.002 of the Texas Finance Code, contract interest, absent agreement, is six percent. *See* Act of June 19, 1997, 75th Leg., R.S., ch. 1008, § 1, 1997 Tex. Gen. Laws 3422 (amended 1999) (current version at TEX. FIN.CODE ANN. § 302.002 (Vernon Supp.2002)). This is true. However, the claim on which Mobil prevailed did not sound in contract, but rather in tort.[3] Therefore, the trial court was precluded from applying this statute, and did not err in denying Mobil's request for prejudgment interest on that basis. Mobil's third and fourth points are overruled on the prejudgment interest issue.

## V. Attorneys' Fees and Court Costs

Mobil also contends in its third and fourth issues that the court erred in denying its request for attorneys' fees and court costs. Mobil claimed entitlement to reasonable attorneys' fees and costs based on section 38.001 of the civil practices and remedies code. *See* TEX.REV.CIV. PRAC. & REM.CODE § 38.001 (Vernon Supp.2002). Section 38.001 provides that a person may recover reasonable attorneys' fees and costs if a claim is for an oral or written contract. *Id.* at 38.001(8). Section 38.001

does not provide for recovery of fees and costs on an unjust enrichment claim. Therefore, because Mobil's breach of contract failed, it cannot recover attorneys' fees and costs. *See Green Intern., Inc. v. Solis*, 951 S.W.2d 384, 390 (Tex.1997).

Furthermore, it is well settled that the assessment of court costs is within the sound discretion of the trial court, and will be reversed only if the trial court abused its discretion. *Allen v. Crabtree*, 936 S.W.2d 6, 7 (Tex.App.-Texarkana 1996, no writ). A trial court does not abuse its discretion in taxing costs against both sides where neither party was wholly successful in that one expected to receive more while the other expected to pay less. *See Okon v. Levy*, 612 S.W.2d 938, 943–44 (Tex.Civ.App.-Dallas 1981, writ ref'd n.r.e.). In this case Mobil hoped to recover more under its breach of contract claim. Instead, it recovered under its unjust enrichment claim. Appellees, on the other hand, hoped to pay less by obtaining a take nothing judgment. The court did not abuse its discretion in awarding court costs against both sides. Mobil's third and fourth points are overruled on the issue of attorneys' fees and court costs.

## VI. Issues of Material Fact

In its fifth issue, Mobil, in the alternative, argues the trial court erred in entering a final judgment as its evidence leaves open issues of material fact regarding Mobil's damages, as well as other theories of recovery asserted in its amended petition.

---

**3.** Mobil's pleading did not limit its request for prejudgment interest to its breach of contract claim. However, while its motion for summary judgment asked for prejudgment interest on its contract claim, it made no request for prejudgment interest in the event Mobil prevailed on its unjust enrichment claim. Be-

cause the trial court cannot grant a summary judgment for more relief than is requested in the motion, it was not authorized to award prejudgment interest when it rendered judgment granting Mobil's unjust enrichment claim. *See Sci. Spectrum, Inc. v. Martinez*, 941 S.W.2d 910, 912 (Tex.1997).

To the extent Mobil argues that damage issues related to its cause of action for breach of contract remain, we disagree. By denying Mobil's request for damages outside the two-year period preceding suit, attorneys' fees and pre-judgment interest, the court finally disposed of Mobil's unjust enrichment claim for recovery of gas revenue payments erroneously made to appellees. *See Southwestern Elec. Power Co. v. Burlington No. R.R. Co.,* 966 S.W.2d 467, 469–70 (Tex.1998); *see also, e.g., Staats v. Miller,* 150 Tex. 581, 243 S.W.2d 686, 687–88 (Tex.1951) (allowing restitution for excess money held by defendant after selling plaintiffs' cotton harvester pursuant to oral contract); *Bowers v. Mo., Kan. & Tex. Ry. Co.,* 241 S.W. 509, 510–11 (Tex.Civ.App.-Texarkana 1922, no writ) (allowing restitution for freight charges paid in excess of rates specified in shipping contract); *Gulf Oil Corp. v. Lone Star Producing Co.,* 322 F.2d 28, 31 33 (5th Cir.1963) (holding plaintiff could recover money mistakenly paid in excess of contract price); *Natural Gas Pipeline Co. v. Harrington,* 246 F.2d 915, 921 (5th Cir.1957) (gas company entitled to restitution of difference between contract rate and price paid under invalid rate order set by regulatory board). Mobil's action for breach of contract sought only the recovery of the same gas revenue payments. Mobil asserted no other breach in its contract action. We conclude there are no remaining issues of material fact regarding Mobil's contract damages.

Mobil also contends that issues of material fact remain regarding other theories of recovery asserted in its amended petition. However, Mobil filed its amended petition[4] after the motions for summary judgment had been heard, and did not request or receive leave of court to do so. Once the

trial court has heard a motion for summary judgment, the movant may not file an amended petition unless he first secures leave of court. Tex.R. Civ. P. 166a(c); *Hussong v. Schwan's Sales Enterprises, Inc.,* 896 S.W.2d 320, 323 (Tex.App.-Houston [1st Dist.] 1995, no writ); *Leinen v. Buffington's Bayou City Serv. Co.,* 824 S.W.2d 682, 685 (Tex.App.-Houston [14th Dist.] 1992, no writ). Thus, Mobil's first amended petition was not properly before the trial court. *Leinen,* 824 S.W.2d at 685. Because the theories of recovery asserted in Mobil's amended petition were not before the trial court, there can be no open issues of material fact regarding those claims. The trial court did not err in entering a final judgment. Mobil's fifth issue is overruled.

Accordingly, the judgment of the trial court is affirmed.

Concurring Opinion by Justice DORSEY joined by Justice YAÑEZ.

Concurring Opinion by Justice DORSEY.

This is an unusual case in which the movant for summary judgment is unhappy with the judgment received, and appeals from it seeking increased damages. The main bone of contention is whether the summary judgment was properly granted on the doctrine of unjust enrichment, with its two year statute of limitations, or whether it should have been granted on a breach of contract theory with a four year period as appellant contends. Although appellant plead that appellees breached the contract, an operating agreement for an oil and gas well, there is absolutely no evidence of such a breach.

---

4. Mobil amended its pleadings to include a new claim for conversion and a request for punitive damages.

The agreement spelled out how the parties' interests in production would be affected should some not consent to the reworking of the well. There is no dispute that the Cantor appellees elected not to participate in the reworking, so their revenue interest diminished in accordance with the agreement until Mobil and the consenting parties recovered the reworking costs from production. However, the operating agreement did not place an obligation on the non-consenting parties, the Cantors, to take any action in order to suspend their payments. That being so, it is difficult to see how they could breach the contract. Rather, they received moneys they were not entitled to under the agreement, a classic case for application of the doctrine of unjust enrichment.

Mobil's rights to an increased share of revenue of the well, and appellants' decreased share, are determined by the contract, but no duty was imposed on appellants to take any action to implement those terms of the operating agreement. The mere receipt of money they were not entitled to does not constitute a breach. There is no evidence that appellants breached the contract. The summary judgment could not be properly granted on a breach of contract theory with its accompanying four year statute of limitations.

I agree the case should be affirmed.

Joined by Justice YAÑEZ.