[COMMENT1] 

                                      COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                        NO.
 2-05-203-CV

 

 

FRIBERG-COOPER WATER SUPPLY                                         APPELLANT

CORPORATION

 

                                                   V.

 

BOBBY ELLEDGE D/B/A ELLEDGE                                            APPELLEES

CONSTRUCTION
COMPANY AND/OR 

ELLEDGE
CONSTRUCTION COMPANY

 

                                              ------------

 

          FROM
COUNTY COURT AT LAW NO. 1 OF WICHITA COUNTY

 

                                              ------------

 

                                             OPINION

 

                                              ------------








The issue presented is what
statute of limitations governs a claim for unjust enrichment.  Appellant Friberg-Cooper Water Supply
Corporation is a non-profit quasi-governmental agency that furnishes water to
its members in rural areas.[1]  Friberg-Cooper sued Appellee Bobby Elledge,
alleging that Friberg-Cooper paid invoices submitted by Elledge for insurance
and equipment in connection with a contract for improvements.  Friberg-Cooper contended that the contract
was actually with Wichita County and that the terms of the contract provided
that Elledge would supply his own insurance and equipment.  Friberg-Cooper alleged that it was entitled
to Arestitution@ because
Elledge would be Aunjustly
enriched@ if he were allowed to retain the monies or the benefit of the
payments.  

Friberg-Cooper filed its suit
within four years but more than two years after the payments.  The trial court granted a traditional summary
judgment in favor of Elledge on limitations grounds, applying the two-year
statute of limitations contained in Section 16.003 of the Texas Civil Practice
and Remedies Code.[2]  Friberg-Cooper raises one issue:  it contends that the trial court erred in
applying the two-year statute of limitations because the four-year statute
applies to a claim of unjust enrichment.








Friberg-Cooper acknowledges
that, traditionally, the two-year statute of limitations has governed claims
for unjust enrichment.  However,
Friberg-Cooper relies upon more recent cases, most significantly a decision by
the El Paso Court of Appeals in Amoco Production Co. v. Smith, holding
that the four-year statute of limitations applies to unjust enrichment claims.[3]  These holdings followed the 1979 amendments
to the civil practice and remedies code which eliminated the distinction
between debts evidenced by a contract in writing and other debts.[4]









Before 1979, two statutes of
limitations applied to debts.  The
two-year statute, former article 5526 which is now codified in its amended form
as section 16.003 of the civil practice and remedies code, applied to actions
for debts that were Anot
evidenced by a contract in writing.@[5]  The four-year statute, former
article 5527 which is now codified in its amended form as section 16.004 of the
civil practice and remedies code, applied to actions for debts that were Aevidenced by or founded upon any contract in writing.@[6]  However, in 1979, the
Legislature amended the statutes to eliminate the distinction between debts
evidenced by a writing and other debts, listing all actions for debt under the
four-year statute.[7]  

Some courts of appeals have
nevertheless continued to apply the two-year statute of limitations to unjust
enrichment claims after the 1979 amendments.[8]  In particular, Elledge points to language
of the Supreme Court of Texas in HECI Exploration Co. v. Neel, that
states:  AThe court of appeals correctly observed, and the Neels concede, that
absent application of the discovery rule, . . . a two year statute would bar
the claim[] for unjust enrichment . . . .@[9] 








Stopping short of urging that
the language constitutes binding precedent, Elledge suggests that the opinion
in HECI reflects, Aat a
minimum,@ that the plaintiffs, the court of appeals, and the supreme court all
considered that the two-year statute governed claims for unjust
enrichment.  We agree with Friberg-Cooper=s characterization of the language as dictum.  Both the two-year and the four-year statutes
had expired when suit in HECI was filed. 
Therefore, it was unnecessary to determine which statute applied.  Moreover, the court disposed of the unjust
enrichment claim on a different ground, holding that HECI had neither profited
nor benefitted at the expense of the royalty owners.[10]








In a case that
followed HECI, Wagner & Brown, Ltd. v. Horwood, the supreme court
acknowledged that it had Anoted@ in HECI that the two-year statute applied to claims for unjust
enrichment.[11]  The supreme court did not reach or decide the
issue of which statute applied; instead, it held that Wagner & Brown, as
the appellee in the court of appeals, waived any statute of limitations claim
because it failed to file a separate notice of appeal.[12]  The court=s use of the term Anoted@ to describe
its previous statement in HECI reinforces our conclusion that the court
did not consider its statement in HECICregarding the applicable statute of limitationsCas even being judicial dictum.[13]









As Friberg-Cooper points out,
the only case cited by the supreme court in HECI is the Cherokee
Water case.[14]  Those courts of appeals that have held that
the two-year statute still applies to a claim for unjust enrichment after the
1979 amendments have also merely cited either Cherokee Water or HECI,
which in turn cited Cherokee Water; and the courts cited those cases
without analysis or discussion.[15]
 Furthermore, Cherokee Water
itself only cited to cases that held that the pre-1979 version of the two-year
statute of limitations applied to actions for debts not evidenced by a writing,
such as suits for money had and received or suits for unjust enrichment.[16]  Neither the court in Cherokee Water,
nor any of the subsequent cases that held that the two-year statute continues
to apply to unjust enrichment, addressed the 1979 amendments.  Finally, the statement that the two-year statute
applied was not even necessary to the opinion in Cherokee Water because
the cause of action in that case, as in HECI, had accrued more than four
years before the suit was filed.[17]









The El Paso Court of Appeals,
in Amoco Production Co., tracked the history of unjust enrichment as
arising out of Aassumpsit@ and as constituting a claim for Adebt@; the court
concluded that unjust enrichment is now governed by the four-year statute of
limitations for debts.[18]  In reaching its conclusion, the Amoco
Production Co. court followed the same approach applied by the supreme
court in Williams v. Khalaf, in which the supreme court held that, after
the 1979 amendments, a cause of action for fraud is an action for Adebt@ governed by
the four-year statute of limitations.[19]  








In Williams, the
supreme court observed that the modern action for fraud Adeveloped as a quasi-contractual cause of action through assumpsit as
a hybrid of the common law actions for debt and account.@[20]  The court  characterized this
right of action for payment of money based on fraudulent representation as an
example of Athe
equitable principle which lies at the foundation of the great bulk of
quasi-contracts, namely, that one person shall not unjustly enrich himself at
the expense of another.@[21]  In Williams, the court
acknowledged that it previously had held that the two-year statute set forth in
former article 5526 applied to an action for fraud and deceit.[22]  However, as the court pointed out, the 1979
amendments to both the two- and the four-year statutes eliminated the
distinction between debts evidenced by a writing and all other debts: the
statute listed all actions for Adebt@ under the
four-year statute.[23]  Classifying fraud as a species of Adebt@ for
limitations purposes, the court concluded that section 16.004, the four-year
statute of limitations for debt, now applies to a cause of action for fraud;
and, that section 16.003 Ano longer
has the classification we have held to include fraud.@[24]








Similarly, the El Paso Court
of Appeals in Amoco Production Co. traced the development of unjust
enrichment for limitations purposes.  The
court first determined that a claim for money had and received Abelongs conceptually to the doctrine of unjust enrichment.@[25]  Second, the court noted that
the term Aunjust
enrichment@
characterizes the result of a party=s failure to make restitution for benefits received under
circumstances that give rise to a quasi-contractual obligation to return those
benefits.[26]  Third, the court observed that the law of
restitution for unjust enrichment developed from assumpsit[27]:  AMoney had and received@ was a common count in general assumpsit in which recovery was based
on the law=s
presumption of a promise of compensation if one receiving another=s money would thereby be unjustly enriched.[28]  Such an action is quasi-contractual because
it involves an implied promise that leads to a claim of debt; thus, the implied
contract action for money had and received is an action Afor debt not evidenced by a writing.@[29]

Having traced the history of
unjust enrichment back to the action for assumpsit and having determined that
unjust enrichment constitutes a claim for Adebt,@ the El Paso
court concluded that unjust enrichment is now governed by the four-year statute
of limitations for all actions for Adebt.@[30]  We agree with our sister court
that, because the 1979 amendments eliminated the distinction between debts not
evidenced by a writing and other debts, and thereby made all actions for debt
subject to the four-year statute of limitations, an action seeking restitution
for unjust enrichment is an action for Adebt@ now
governed by the four-year statute.[31]   








Elledge contends that the El
Paso court=s decision
in Amoco Production Co., as well as our own decision in Vickory,
which has the same effect,[32]
are distinguishable from the current case because Amoco Production Co.
and Vickory involved claims for money had and received, where
money was mistakenly paid between parties having an existing debtor-creditor
relationship, and where the defendants acknowledged that they were not entitled
to retain the benefits received.  Elledge
distinguishes the present suit claiming that it is a general claim for unjust
enrichment, similar to Cherokee Water, with no pleadings or proof by
Friberg-Cooper of an existing debtor-creditor relationship, that the money was
paid by mistake, or that the defendant has acknowledged he is not entitled to
retain the funds.  However, we fail to
see a meaningful distinction.








An action for money had and
received may be maintained to prevent unjust enrichment when one person
obtains money that in equity and good conscience belongs to another.[33]  An action for money had and received is A>less restricted and fettered by technical rules and formalities than
any other form of action.  It aims at the
abstract justice of the case, and looks solely to the inquiry, whether the
defendant holds money, which . . . belongs to the plaintiff.=@[34] 








Unjust enrichment, itself, is
not an independent cause of action but rather Acharacterizes the result of a failure to make restitution of benefits
either wrongfully or passively received under circumstances that give rise to
an implied or quasi-contractual obligation to repay.@[35]  The doctrine applies the
principles of restitution to disputes where there is no actual contract, based
on the equitable principle that one who receives benefits which would be unjust
for him to retain ought to make restitution.[36]  Thus, an action for money had and received is
a doctrine applied to prevent unjust enrichment.[37]  That Friberg-Cooper did not use the magic
words Amoney had and received@ as the basis for asserting that Elledge was unjustly enriched is not
fatal.  Courts now focus on the facts
alleged and the recovery sought to categorize an action as one for money had
and received or for restitution.[38]








The doctrine of unjust
enrichment was originated by Lord Mansfield in the celebrated decision, Moses
v. Macferlan.[39]  In that case, the common count of indebitatus
assumpsit for money had and received, originally an action for debt,
was expanded to require a defendant to refund money received by him, based
upon an obligation implied in law by Athe ties of natural justice@ and Aequity.@[40] Development of the theory of unjust enrichment culminated in
publication of the Restatement of Restitution in 1937.[41]  Claims for restitution for unjust enrichment,
like money had and received, arose out of assumpsit and are based upon
quasi-contract; thus, these claims are properly characterized as based on a
debt not evidenced by a writing.[42]
Elledge cites no authority distinguishing between unjust enrichment and money
had and received for limitations purposes.








Moreover, Elledge=s motion for summary judgment presented as its sole ground that
Elledge was entitled to judgment as a matter of law on his affirmative defense
of limitations based on Friberg-Cooper=s pleadings.[43]  Elledge had the burden to demonstrate that
Friberg-Cooper=s claim was
barred by limitations as a matter of law; Friberg-Cooper did not have the
burden to bring forward summary-judgment proof to support its claim.[44]  Furthermore, Friberg-Cooper=s failure to plead a debt based upon payment by mistake is not a
proper basis for summary judgment.  When
a party moves for summary judgment on the basis of the nonmovant=s pleadings, he must accept all facts and inferences in the pleadings
as true and in the light most favorable to the nonmovant.[45]  Any pleading defect must appear to be
incurable by amendment of the pleadings.[46]  Elledge did not specially except to
Friberg-Cooper=s pleadings,
which expressly sought the remedy of restitution based upon the theory of
unjust enrichment.

                                           CONCLUSION

We hold that Friberg=s claim for restitution based upon unjust enrichment is a suit founded
on a debt not evidenced in writing and is thereby subject to the four-year
statute of limitations.  We sustain
Friberg-Cooper=s
issue.  We reverse the summary judgment
and remand this cause to the trial court for further proceedings.   

 

 

ANNE GARDNER

JUSTICE

 

PANEL
B:   LIVINGSTON, GARDNER, and WALKER, JJ.

 

WALKER,
J. filed a dissenting opinion.

 

DELIVERED:  June 22, 2006











 
 
 
 
 
 
 




 

 

 

 

 

 

                                COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                        NO.  2-05-203-CV

 

 

FRIBERG-COOPER
WATER SUPPLY 

CORPORATION                                                                   APPELLANT

 

                                                   V.

 

BOBBY ELLEDGE D/B/A ELLEDGE                                            APPELLEES

CONSTRUCTION
COMPANY AND/OR 

ELLEDGE
CONSTRUCTION COMPANY

 

                                              ------------

 

          FROM COUNTY COURT AT LAW NO. 1 OF
WICHITA COUNTY

 

                                              ------------

 

                                   DISSENTING
OPINION

 

                                              ------------








I respectfully dissent. 
Appellant Friberg-Cooper Water Supply Corporation sued Appellee Bobby
Elledge for unjust enrichment.  The trial
court granted summary judgment for Elledge on limitations grounds, applying the
two-year statute of limitations.  See
Tex. Civ. Prac. & Rem. Code Ann.
' 16.003 (Vernon 2002).  In two
issues, Friberg-Cooper claims that the trial court erred by applying the
two-year statute of limitations and claims that the four-year statute of
limitations is applicable to a claim for unjust enrichment.








Friberg-Cooper acknowledges that, traditionally, a two-year statute of
limitations has governed claims for unjust enrichment.  Friberg-Cooper points out, however, that
following the 1979 amendments to the civil practice and remedies code, which
eliminated the distinction between debts evidenced by a writing and other
debts, some courts of appeals held that the four-year statute of limitations
became applicable to unjust enrichment claims.  See Amoco Prod. Co. v. Smith, 946
S.W.2d 162, 164-65 (Tex. App.CEl Paso 1997, no writ); Vickory v. Summit Nat=l Bank, 702 S.W.2d 324, 324 (Tex.
App.CFort Worth 1986, writ ref=d n.r.e.).  These courts did
indeed apply a four-year statute to unjust enrichment claims.  Other courts of appeals however nonetheless
continued to apply the two-year statute of limitations to unjust enrichment
claims.  See, e.g., Cherokee Water Co.
v. Advance Oil & Gas Co., 843 S.W.2d 132, 135 (Tex. App.CTexarkana 1992, writ denied). 
The Texas Supreme Court resolved this issue in Wagner & Brown,
Ltd. v. Horwood, when it acknowledged that the courts of appeals were
divided about the appropriate limitations period for unjust enrichment claims
and indicated that in HECI it had noted that a two-year statute governs
unjust enrichment claims.  Wagner
& Brown, Ltd. v. Horwood, 58 S.W.3d 732, 737 (Tex. 2001) (citing HECI
Exploration Co. v. Neel, 982 S.W.2d 881, 886 (Tex. 1998)); see also
Mobil Producing Tex. & N.M., Inc. v. Cantor, 93 S.W.3d 916, 919 (Tex.
App.CCorpus Christi 2002, no pet.) (citing HECI and holding that the
trial court did not err by applying two-year statute to unjust enrichment
claim); Mowbray v. Avery, 76 S.W.3d 663, 691 n.48 (Tex. App.CCorpus Christi 2002, pet. denied) (same).  Because this court is bound by the supreme
court=s precedent in Wagner & Brown and HECI, I would
overrule Friberg-Cooper=s first
issue.  Because the majority does not, I
respectfully dissent.

 

 

 

SUE
WALKER

JUSTICE

 

DELIVERED:  June 22, 2006











[1]Tex. Water
Code Ann. ''
67.001-.017 (Vernon 2004), '' 67.051-.056 (Vernon Supp.
2005).





[2]Tex. Civ.
Prac. & Rem. Code Ann. ' 16.003 (Vernon Supp. 2005).  





[3]Amoco Prod. Co. v. Smith, 946 S.W.2d 162, 164-65 (Tex. App.CEl Paso 1997, no writ); see also
Vickory v. Summit Nat=l Bank, 702 S.W.2d 324, 324 (Tex. App.CFort Worth 1986, writ ref=d n.r.e.).





[4]Act
of May 27, 1979, 66th Leg., R.S., ch. 716, ' 1, 1979 Tex. Gen. Laws 1768,
1768-69 repealed by Act of Sept. 1, 1985, 69th Leg. R.S., ch.
959, ' 1,
Tex. Gen. Laws 3244, 3252 (current version at Tex.
Civ. Prac. & Rem. Code Ann. ' 16.003 (Vernon Supp. 2005), ' 16.004 (Vernon 2002)).





[5]Act
of May 27, 1979, 66th Leg., R.S., ch. 716, ' 1, 1979 Tex. Gen. Laws 1768,
1768-69 repealed by Act of Sept. 1, 1985, 69th Leg. R.S., ch.
959, ' 1,
Tex. Gen. Laws 3244, 3252 (current version at Tex.
Civ. Prac. & Rem. Code Ann. ' 16.003 (Vernon Supp. 2005)).





[6]Act
of May 27, 1979, 66th Leg., R.S., ch. 716, ' 2, 1979 Tex. Gen. Laws 1768,
1769 repealed by Act of Sept. 1, 1985, 69th Leg. R.S., ch.
959, ' 1,
Tex. Gen. Laws 3244, 3252 (current version at Tex.
Civ. Prac. & Rem. Code Ann. ' 16.004 (Vernon 2002))





[7]Id.





[8]See Mowbray v. Avery, 76 S.W.3d
663, 691 n.48 (Tex. App.CCorpus Christi 2002, pet. denied); Tanglewood
Terrace, Ltd. v. City of Texarkana, 996 S.W.2d 330, 342 (Tex. App.CTexarkana 1999, no pet.); Autry
v. Dearman, 933 S.W.2d 182, 190 (Tex. App.CHouston [14th Dist.] 1996, writ
denied); Cherokee Water Co. v. Advance Oil & Gas Co., 843 S.W.2d
132, 135 (Tex. App.CTexarkana 1992, writ denied). 





[9]982 S.W.2d 881, 885 (Tex. 1998)
(citing Cherokee Water Co., 843 S.W.2d at 135).





[10]Id. at 891-92.





[11]Wagner & Brown, Ltd. v. Horwood, 58 S.W.3d 732, 737-38 (Tex.
2001).  





[12]Id.  





[13]Dictum
is not binding as precedent.  See
Lester v. First Am. Bank, Bryan, Tex., 866 S.W.2d 361, 363 (Tex. App.CWaco
1993, writ denied).  However, a statement
characterized as Ajudicial
dictum,@
rather than Aobiter
dictum,@ is a
statement by the supreme court made very deliberately after mature
consideration and for future guidance in the conduct of litigation, and is Aat
least persuasive and should be followed unless found to be erroneous.@  Palestine Contractors, Inc. v. Perkins,
386 S.W.2d 764, 773 (Tex. 1964).  





[14]HECI, 982 S.W.2d at 885. 





[15]See Mowbray, 76 S.W.3d at 691 n.48 (citing HECI,
982 S.W.2d at 885); Tanglewood Terrace, Ltd., 996 S.W.2d at 342
(citing Cherokee Water, 843 S.W.2d at 135); Autry, 933
S.W.2d at 190, n.7 (citing Cherokee Water, 843 S.W.2d at 135).





[16]City of Beaumont v. Moore, 146 Tex. 46, 202 S.W.2d 448,
452,  (1947) (holding suit on contract
implied in lawCseeking recovery Afor money had and received@Cbarred by two-year statute, art.
5526); Hornblower & Weeks-Hemphill, Noyes, Inc. v. Crane, 586 S.W.2d
582, 587 (Tex. Civ. App.CCorpus Christi 1979, writ ref=d n.r.e.) (holding two-year statute
applied to action based on equitable principles such as recovery of money paid
under mistake or unjust enrichment); W. Inn Corp. v. Heyl, 452 S.W.2d
752, 762 (Tex. Civ. App.CFort Worth 1970, writ ref=d n.r.e.) (holding action, whether
characterized as fraud or as based upon a contract not in writing, is governed
by two-year statute, art. 5526).  





[17]See
Amoco Prod. Co., 946 S.W.2d 164-65, n.4.





[18]Id. at
164-65. 





[19]802 S.W.2d 651, 656 (Tex. 1990).





[20]Id.





[21]Id.
(quoting 3 W. Holdsworth, A History of
English Law 427-28 (5th ed. 1942)). 






[22]Id. at 657.





[23]Id.; Act
of May 27, 1979, 66th Leg., R.S., ch. 716, ' 2, 1979 Tex. Gen. Laws 1768,
1768-69 repealed by Act of Sept. 1, 1985, 69th Leg. R.S., ch.
959, ' 1,
Tex. Gen. Laws 3244, 3252 (current version at Tex.
Civ. Prac. & Rem. Code Ann. ' 16.004 (Vernon 2002)).






[24]Williams, 802 S.W.2d at 657.





[25]Amoco
Prod. Co., 946
S.W.2d at 164. 





[26]Id. 





[27]Id. (citing City of Harker Heights,
Tex. v. Sun Meadows Land, Ltd., 830 S.W.2d 313, 317-18 (Tex. App.CAustin 1992, no writ)).  





[28]Id.





[29]Id. 





[30]Id. at
164-65. 





[31]Id. at 165.





[32]See Vickory, 702 S.W.2d at 324.





[33]Staats v. Miller, 150 Tex. 581, 243 S.W.2d 686, 687
(1951) (holding that the only thing that needs to be proven Ais that defendant holds money which
in equity and good conscience belongs to [the plaintiff]@); Everett v. TK-Taito, L.L.C.,
178 S.W.3d 844, 860 (Tex. App.CFort Worth 2005, no pet.). 





[34]Staats,
243 S.W.2d at 687-88 (quoting United States v. Jefferson Elec. Mfg.
Co., 291 U.S. 386, 391, 54 S. Ct. 443, 449 (1934)); Everett, 178
S.W.3d at 860 (citing Amoco Prod. Co., 946 S.W.2d at 164); see
Merryfield v. Willson, 14 Tex. 224, 224 (1855) (holding action for money
had and received would lie to recover funds paid either as money paid by fraud
or as consideration for act the defendant was unable to perform).  





[35]Walker v. Cotter Props., Inc., 181 S.W.3d 895, 900 (Tex. App.CDallas 2006, no pet. hist.); Amoco
Prod. Co., 946
S.W.2d at 164; City of Corpus Christi v. Heldenfels Bros., Inc., 802
S.W.2d 35, 40 (Tex. App.CCorpus Christi 1990), aff=d, 832 S.W.2d 39 (Tex. 1992).  





[36]Mowbray, 76 S.W.3d at 679-80, 680 n.25;
see also Oxford Fin. Cos. v. Velez, 807 S.W.2d 460, 465 (Tex. App.CAustin 1991, writ denied). 





[37]See
London v. London, No.14-03-01088-CV, 2005 WL 2848187, at *4 (Tex.
App.CHouston
[14th Dist.] Oct. 28, 2005, pet. filed). 





[38]Tri-State
Chems., Inc. v. W. Organics, Inc., 83 S.W.3d 189, 194, 199 (Tex.
App.CAmarillo
2002, pet. denied) (equating, regardless of label, action to recover for money
had and received, money unjustly retained, and unjust enrichment, all arising
out of Aassumpsit,@ when
each claim was for restitution for property wrongfully taken and transferred to
a third person).   





[39]97 Eng. Rep. 676 (K.B. 1760).





[40]Id.; see Stone v. White, 301
U.S. 532, 534, 57 S. Ct. 851, 852 (1937) (recognizing origin of unjust
enrichment); see generally Ames, The History of Assumpsit, 2 Harv. L. Rev. 1, 53 (1888). 





[41]See Restatement
of Restitution ' 1 (1937) (stating simply:  AA person who has been unjustly enriched at the expense of
another is required to make restitution to the other.@).





[42]Fortune Prod. Co. v. Conoco, Inc., 52 S.W.3d 671, 684 (Tex. 2000).





[43]Tex. R.
Civ. P. 166a(a).





[44]KPMG
Peat Marwick v. Harrison County Hous. Fin. Corp., 988
S.W.2d 746, 748 (Tex. 1999).





[45]Lewis
v. Skippy=s
Mistake Bar, 944 S.W.2d 1, 5 (Tex. App.CFort
Worth 1996), rev=d on other grounds sub nom. Southland
Corp. v. Lewis, 940 S.W.2d 83 (Tex. 1997).





[46]Id. 















 [COMMENT1]

Majority by Justice Gardner

Dissent by Justice Walker