O. T. STAATS ET AL V. H. E. MILLER.
No. A-3256. Decided November 14, 1951.
Rehearing overruled December 12, 1951.
(243 S. W., 2d Series, 686.)

*James W. Witherspoon, Mel Ruth Aikins, Wayne Thomas* and *John D. Aikin,* all of Hereford, for petitioners.

The Court of Civil Appeals erred in holding that petitioners had not pleaded and approved a cause of action for damages for conversion; that petitioners pleadings did not allege a cause of action for money had and received, fraud or other relief, when said pleadings were, in law, sufficient. Jordan v. Broad, 170 S. W. 2d 655; Chapman v. Witherspoon, 192 S.W. 281; Shelton v. Cain, 136 S.W. 1155.

*Cowsert & Bybee* and *Ray Cowsert,* all of Hereford, for respondent.

The petitioners having admitted an unpaid balance on the

purchase price of the cotton picker and having voluntarily delivered it back to respondent with authority to sell same, and his having done so, he was not guilty of conversion as a matter of law, nor were the trial court and the court of civil appeals in error in holding that the pleadings of the petitioner were wholly insufficient to allege a cause of action for money had and received, fraud or any other relief. Storey v. Palmer, 284 S. W. 331; Saner-Whiteman Lumber Co. v. Texas & N. O. R. R. Co. 288 S. W. 127; Oliver Chilled Plow Works v. Askey, 22 S. W. 2d 743.

MR. JUSTICE BREWSTER delivered the opinion of the Court.

This is a suit for damages for the alleged conversion of a cotton harvester filed by petitioners, O. T. Staats and F. M. Woolbright, against respondent, H. E. Miller. At the conclusion of petitioners' testimony the trial court granted respondent's motion for an instructed verdict and entered judgment accordingly. The Court of Civil Appeals affirmed. 240 S. W. 2d 342.

Respondent moved for the instructed verdict on the ground that petitioners had pleaded a "single act of alleged conversion" and had not alleged any other cause of action, except for conversion, "while the evidence introduced by the plaintiff clearly shows that there was no conversion and could not have been a conversion by defendant of said cotton harvester." In arguments on the motion petitioners' counsel contended that a conversion had been shown but that should the court conclude otherwise, both the pleadings and the proof required the case to be submitted to the jury on the theory of money had and received.

The Court of Civil Appeals held that petitioners failed either to allege or to prove an action for conversion and that the allegations were not sufficient to state a cause of action for money had and received.

We find it unnecessary to decide whether a cause of action for conversion was alleged or proved because we are convinced that petitioners' allegations were sufficient to raise the issue of money had and received.

There was a comparable situation in the early case of Wiseman v. Baylor et al., 69 Texas 63, 6 S. W., 743. In that case Baylor owed Wiseman $300 secured by a deed of trust upon city lots which were the separate property of Mrs. Baylor. The

Baylors conveyed the property to Wiseman by deed absolute on its face. Two years later Wiseman sold the lots for $2800 cash. The Baylors sued Wiseman for the $2800 less the amount then· due on the $300 note and $80 taxes against the lots paid by Wiseman, alleging that, although the deed was in terms absolute, it was intended by all parties to be only a deed in trust to secure the debt due by Baylor to Wiseman; that the lots were worth much more than the debt and were rapidly increasing in value, so they told Wiseman that they did not want the lots sold at that time; that Wiseman thereupon agreed, in consideration of having the legal title vested in him, to hold the lots until they had reached their highest market value, when he would sell them and pay the proceeds over to the Baylors less the amount of the note then due plus such taxes as he may have paid on the lots; that, relying on this promise, they executed the deed but that, in violation of their trust, Wiseman had refused to pay them any of the proceeds of his sale of the lots. Wiseman demurred to the petition, denied all its allegations and pleaded specially that Baylor had long been unable to pay anything on the $300 note and had therefore conveyed Wiseman the lots by absolute deed without any trust or side agreement to pay part of the proceeds of a later sale, to the Baylors. The proposition urged in support of Wiseman's general demurrer was that the relation of debtor and creditor must continue to exist after a deed is executed in order to engraft a parol trust upon it and give it the effect of a mortgage. The trial court overruled the general demurrer and the trial resulted in a jury verdict and judgment for the Baylors for $2034.88. This court affirmed the judgment holding that, although Wiseman's proposition might be sound, his obligation to pay the excess money according to promise was none the less binding. "Admit this to have been an absolute sale, the vendors reserving no interest or trust in the land which they could enforce in equity, this did not prevent them from recovering money from the vendee, which he had promised to pay them upon a sale of the land, the sale having already taken place."

■ It is generally recognized that any surplus arising on the sale of a security for a debt may be recovered by the person entitled thereto. 58 C.J.S., Money Received, sec. 8b, p. 920. So, the same authority says, "The question, in an action for money had and received, is to which party does the money, in equity, justice and law, belong. All plaintiff need show is that defendant holds money which in equity and good conscience belongs to him." Ib., sec. 4a, p. 913. Again, it has been declared that a cause of action for money had and received is "less restricted

and fettered by technical rules and formalities than any other form of action. It aims at the abstract justice of the case, and looks solely to the inquiry whether the defendant holds money, which * * * belongs to the plaintiff." United States v. Jefferson Elec. Mfg. Co., 291 U. S. 386, 78 L. Ed. 859,54 Sup. Ct. 443.

■ In so far as their petition relates to money had and received, petitioners alleged that in 1948 they bought from respondent a cotton harvester, paying $500 cash and executing a note for $755; that on March 7, 1949, Staats paid his half of the note and Woolbright paid his half down to $200; that in September, 1949, petitioners having no cotton to be harvested and the machine being in need of certain repairs, they took it to respondent's place of business; that the latter told them the harvester would be in good condition after the repairs were made and would bring more than they gave for it; that they then told him that "if he could sell the same after it was repaired for as much as $1,000.00 that they would authorize him to do so, and that if he could get more than $1,000.00 he could retain the same as a commission for selling it," and that the $1,000 was to be divided $500 to Staats and $500 to Woolbright after deducting the $200 which the latter owed Miller; that this was agreeable to respondent; that respondent did thereafter sell the machine but has refused, upon inquiry by them, to divulge to whom he sold it or for what price he sold it or to make any accounting to them by reason thereof and has refused to discuss the matter with them so as to enable them to ascertain the facts; that he has failed and refused to acknowledge that they have any rights either in the harvester or in the proceeds of the sale. Their prayer was for judgment for actual damages of $1,500 and exemplary damages of $500 "and all such other and further relief, both general and special," as they "may be entitled to either at law or in equity."

These allegations were sufficient to inform respondent that petitioners were asserting that he had in his possession money which belonged to them and which he had promised to pay over to them upon sale of the machine after deducting what was due him on its purchase price. And respondent made no exception whatever to the allegations on that score. Therefore, under the authorities, supra, they stated a cause of action for money had and received.

■ The proof offered by petitioners was in line with their allegations. We need not detail it, as the issue is on the sufficiency of the pleadings. It is perhaps enough to quote respondent's version of the testimony in his motion for an instructed ver-

dict wherein he says, in arguing the insufficiency of petitioners' allegations to show conversion of the machine: "Said evidence so introduced by the Plaintiffs shows that the plaintiffs brought said property to the Defendant's place of business and the Defendant took possession of said machine with the consent of the Plaintiffs and authorized Defendant to sell the same, and agreed to pay him a commission for such sale." Respondent testified that he sold the machine, about October 14, 1949, for $1000; that he had paid nothing to Petitioners, and had refused their demand for payment; that he had refused to tell them to whom he sold the machine and what price he got for it.

Therefore, we conclude that the trial court erred in refusing to submit to the jury the petitioners' case on the theory of money had and received. That conclusion renders it unnecessary to consider other points of error assigned.

The judgment of the Court of Civil Appeals is reversed and the cause is remanded to the district court for a new trial.

Opinion delivered November 14, 1951.

Rehearing overruled December 12, 1951.