

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN 11, TEXAS

JOHN BEN SHEPPERD
ATTORNEY GENERAL

January 29, 1955

Hon. John H. Winters
Executive Director
Department of Public Welfare
Austin, Texas

Opinion No. S-151

Re: Legality of obtaining Federal
Old Age and Survivors Insur-
ance coverage for county appoint-
ive officers and employees
presently covered by a county
retirement fund established pur-
suant to Article XVI, Section
62(b), Tex. Const.

Dear Mr. Winters:

You have requested the opinion of this office on
the above captioned subject.

Under Section 4 of Article 695g, Vernon's Civil
Statutes, the Department of Public Welfare is authorized
to enter into agreements with the governing bodies of eli-
gible counties for the purpose of obtaining Federal Old
Age and Survivors Insurance coverage for county employees.
Under Section 8 of Article 695g, counties which have ob-
tained such coverage for their employees make the required
matching contributions from the respective sources of funds
from which the covered employees receive their compensa-
tion.

Prior to the amendment of Section 218(d) of the
Social Security Act by the 83rd Congress, Second Session,
employees of counties which had a retirement system for
said employees were not eligible to obtain coverage under
the Federal Old Age and Survivors Insurance system. Since
the amendment of the Federal Act, such employees may now
obtain coverage unless Article XVI, Section 62(b) of the
Texas Constitution prohibits their obtaining coverage.
The pertinent provisions of that section are the following:

"(b)   Each county shall have the right to provide for and administer a Retirement, Disability and Death Compensation Fund for the appointive officers and employees of the county; provided same is authorized by a majority vote of the qualified voters of such county and after such election has been advertised by being published in at least one newspaper of general circulation in said county once each week for four consecutive weeks; provided that the amount contributed by the county to such Fund shall equal the amount paid for the same purpose from the income of each such person, and shall not exceed at any time five per centum (5%) of the compensation paid to each such person by the county, and shall in no one year exceed the sum of One Hundred and Eighty Dollars ($180) for any such person.

". . . and provided that the recipients of benefits from said Fund shall not be eligible for any other pension retirement funds or direct aid from the State of Texas, unless the Fund, the creation of which is provided for herein, contributed by the county, is released to the State of Texas as a condition to receiving such other pension aid."   (Emphasis added)

We will first consider the effect of the prohibition underscored in the first paragraph.  This provision specifically states that the county is limited as to the amount that may be contributed "to such Fund," i.e., a County Retirement, Disability and Death Compensation Fund.  Matching contributions made by a county under the Federal Old Age and Survivors Insurance system would not be made to a County Retirement, Disability and Death Compensation Fund.  Therefore, the limitation contained in this provision is not applicable here.

The provision underscored in the second paragraph above quoted likewise presents no obstacle.  This is so for the reason that the recipient of benefits under Federal Old Age and Survivors Insurance system and under a County Retirement, Disability and Death Compensation system will not be receiving aid from a pension retirement fund of the State of Texas; nor will he be receiving any kind of direct aid from the State of Texas.

In your letter requesting our opinion, you state that the Department of Public Welfare has heretofore entered

into agreements with approximately one hundred ninety counties for the purpose of obtaining Federal Old Age and Survivors Insurance coverage for their employees. You point out that Article 695g contains no requirement for any kind of an election and that you have interpreted the "authority of the State Agency to enter into agreement with . . . counties . . . for participation of their employees in the Federal Insurance System as being wholly separate and distinct from a County Retirement System as provided for in this Section /Art. XVI, Sec. 62(b)/ of the Constitution." We agree.

In Farrar v. Board of Trustees, etc., 243 S.W.2d 688, 150 Tex. 581 (1951), the Supreme Court held unconstitutional Article 6288c. This Article provided that any person who is a member of either the Teacher Retirement System or the Employees Retirement System could, under stated conditions, receive credit and resulting benefits for any and all prior service creditable as prior service for employment under the provisions of either System. Article 6228c also provided that any person who accumulated creditable service between both systems could retire with joint creditable service between the two systems.

Section 48a of Article III of the Texas Constitution authorized the Legislature to levy taxes and provide a retirement fund for persons employed in public schools, colleges and universities supported in whole or in part by the State. The plain intent of this section, said the Court, was to keep educational workers in that field. It did not extend its benefits to any other persons.

Ten years later the Employees Retirement amendment was adopted. Article XVI, Sec. 62, Tex. Const. This provision, said the Court, conferred benefits only on appointed officers and employees of the State and was designed to encourage experienced officers and employees to remain at their posts.

Both sections provide that no recipient of its benefits can ever be eligible for benefits from any other retirement fund unless and until he releases to the State such part of the fund from which he is already receiving benefits as may have been provided by the State. The Court pointed out that if persons could transfer from teacher to employee or from employee to teacher carrying with them at each transfer their accumulated benefits under both systems up to the time of their retirement, the dominant purpose of both sections would be defeated.

Thus this case is distinguishable from the one presented by your request. As we have previously pointed out, the receipt of benefits under the Federal Old Age and Survivors Insurance system will not be the receipt of a benefit provided by the State. Also in this case, the dominant purpose of Section 62(b) of Article XVI will be effectuated rather than destroyed. County appointive officers and employees will have an additional incentive for remaining at their posts.

You are therefore advised that Article XVI of Section 62(b) does not prevent county appointive officers and employees from obtaining Federal Old Age and Survivors Insurance coverage.

## SUMMARY

Section 62(b) of Article XVI of the Constitution of Texas does not prevent county appointive officers and employees from obtaining Federal Old Age and Survivors Insurance coverage, even though presently covered by a County Retirement Fund.

APPROVED:

W. V. Geppert
Taxation Division

Phillip Robinson
Reviewer

Robert S. Trotti
First Assistant

Yours very truly,

JOHN BEN SHEPPERD
Attorney General

By Marietta McGregor Payne
Marietta McGregor Payne
Assistant