ACCEPTED
04-14-00807-CV
FOURTH COURT OF APPEALS
SAN ANTONIO, TEXAS
5/20/2015 4:00:54 PM
KEITH HOTTLE
CLERK

**No. 04-14-00807-CV**

---

**IN THE COURT OF APPEALS**
**FOURTH COURT OF APPEALS DISTRICT OF TEXAS**
**SAN ANTONIO, TEXAS**

FILED IN
4th COURT OF APPEALS
SAN ANTONIO, TEXAS
05/20/2015 4:00:54 PM
KEITH E. HOTTLE
Clerk

---

**BRAD AERY, ET AL.,**

*Appellants*

FILED IN
4th COURT OF APPEALS
SAN ANTONIO, TEXAS
05/20/2015 4:00:54 PM
KEITH E. HOTTLE
Clerk

**v.**

**HOSKINS, INC., ET AL.,**

*Appellees.*

---

**On Appeal from 36th District Court of McMullen County, Texas**
**Trial Court Cause No. M-12-0045-CV-A**
**Honorable Starr Boldrick Bauer, Presiding**

---

**BRIEF OF APPELLEE AURORA RESOURCES CORPORATION**

---

Roberta S. Dohse
State Bar No. 05955400
rdohse@hfdlaw.com
Conner R. Jackson
State Bar No. 24087786
cjackson@hfdlaw.com
**HOBLIT DARLING RALLS HERNANDEZ**
  **& HUDLOW, LLP**
2000 Frost Bank Plaza
802 N. Carancahua
Corpus Christi, TX 78401
(361) 888-9392
(361) 888-9187 (facsimile)
*Counsel for Appellee*
*Aurora Resources Corporation*

## Identities of Parties and Counsel

Pursuant to TEX. R. APP. P. 38.1(a), Appellee Aurora Resources Corporation submits the following list of the names and last known addresses of all parties and their counsel at trial and on appeal:

*Appellants/Plaintiffs*

**Brad Aery**
**Randi Aery**

*Counsel for the*
*Aery Appellants*

**Dan Pozza**
State Bar No. 16224800
Dan.pozza@yahoo.com
Law Offices of Dan Pozza
239 E. Commerce Street
San Antonio, TX 78205-2923
(210) 226-8888
(210) 224-6373 (facsimile)

*Trial Counsel for the*
*Aery Appellants*

**Marc K. Whyte**
State Bar No. 24056526
whytemarc@gmail.com
Whyte, PLLC
209 Tuttle
San Antonio, TX 78209
(210) 340-9877
(210) 344-9899 (facsimile)

**Melanie Hessler Phipps**
State Bar No. 24032416
mphipps@kplegal.com
Kustoff & Phipps, LLP
4103 Parkdale Street
San Antonio, TX 78229-2520
(210) 614-9444
(210) 614-9464 (facsimile)

**John George, Jr**.
State Bar No. 24051944
jgeorgejr@bmpllp.com
**Matthew F. Wymer**
State Bar No. 24005234
mwymer@bmpllp.com
Bierne Maynard & Parson, LLP
112 East Pecan Street, Suite 2750
San Antonio, TX 78205
(210) 582-0220
(210) 582-0231 (facsimile)

*Appellants/Intervenors*:

**The J.L. House Trust**
**Lloyd House**
**Robert Eugene House**
**Magdalen House**
**Judith Ann House**
**Wayne House**
**Jimmy R. House**
**Edna Pawelek Ulbrich**
**Peter James Pawelek**
**Jesse Pawelek**
**Ruby Pawelek Schumacher**
**Elizabeth Pawelek Reich**
**Roy Mitchell Pawelek**
**Darlene Robinson Williams**
**Diane Fischer Casey**
**Mary Kay Fischer Adams**
**Arley House**

*Counsel for*
*the House Appellants:*

**Rosemarie Kanusky**
State Bar No. 00790999
Rosemary.kanusky@nortonrosefulgright.com
**John W. Weber, Jr.**
State Bar No. 21046500
John.weber@nortonrosefulbright.com
**Jeffrey A. Webb**
State Bar No. 24053544
Jeff.webb@nortonrosefulbright.com

iii

300 Convent, Suite 2100
San Antonio, TX 78205
(210) 224-5575
(210) 270-7205 (facsimile)

*Trial Counsel for
the House Appellants:*

**John W. Weber, Jr.**
State Bar No. 21046500
John.weber@nortonrosefulbright.com
**Jeffrey A. Webb**
State Bar No. 24053544
Jeff.webb@nortonrosefulbright.com
300 Convent, Suite 2100
San Antonio, TX 78205
(210) 224-5575
(210) 270-7205 (facsimile)

*Appellees/Defendants:*

**C. Clifton Hoskins
Hoskins, Inc.
Trudy Day**

*Counsel for
these Hoskins Appellees:*

**C. David Kinder**
State Bar No. 11432550
dkinder@dykema.com
**Corey F. Wehmeyer**
State Bar No. 24051903
cwehmeyer@dykema.com
**Amy Davis**
State Bar No. 24074114
adavis@dykema.com
**Benjamin Robertson**
State Bar No. 24083748
brobertson@dykema.com
**Lindsay Scaief Riley**
State Bar No. 24083799
lriley@dykema.com
**Ellen B. Mitchell**
State Bar No. 14208875
emitchell@dykema.com

iv

Dykema Cox Smith
112 East Pecan, Suite 1800
San Antonio, TX 78205
(210) 554-5500
(210) 226-8395 (facsimile)

and

**Michael C. Sartori**
State Bar No. 17655500
michael@msartori.com
Law Office of Michael C. Sartori
P.O. Box 1222
502A Houston Street
George West, TX 78022
(361) 449-2691
(361) 449-2380 (facsimile)

*Appellees/Defendants:*          **Leonard Hoskins**

*Counsel for*
*Leonard Hoskins*          **David L. Ylitalo**
State Bar No. 22155500
dylitalo@coatsrose.com
Coats Rose PC
1020 Northeast Loop 410, Suite 800
San Antonio, TX 78209
(210) 224-7098
(210) 212-5698 (facsimile)

*Appellees/Defendants:*          **Lee Ann Kulka**
**Lee Roy Hoskins, III**
**Andrea Jurica**

**Counsel for**
*Kulka, Hoskins and Jurica*
*Appellees:*          **Peter E. Hosey**
State Bar No. 10027500
phosey@jw.com
**Julia W. Mann**
State Bar No. 00791171

v

jmann@jw.com
Jackson Walker, L.L.P.
112 E. Pecan Street, Suite 2400
San Antonio, TX 78205
(210) 978-7700
(210) 978-7790 (facsimile)

*Appellee/Defendant:*  **Blake C. Hoskins**

*Counsel for Blake C. Hoskins:*  **Ezra A. Johnson**
State Bar No. 24065499
ejohnson@ufjblaw.com
**Joseph B.C. Fitzsimons**
State Bar No. 07099100
jfitzsimons@ufjblaw.com
**J. Byron "Trace" Burton, III**
State Bar No. 24031776
tburton@ufjblaw.com
Uhl, Fitzsimons, Jewett & Burton, PLLC
4040 Broadway, Suite 430
San Antonio, TX 78209
(210) 829-1660
(210) 829-1641 (facsimile)

*Appellee/Defendant:*  **Brent C. Hoskins**

*Counsel for Brent C. Hoskins:*  **David W. Navarro**
State Bar No. 24027683
dnavarro@hsfblaw.com
**Brendon C. Holm**
State Bar No. 24087737
bholm@hsfblaw.com
Hornberger Sheehan Fuller Bieter
Wittenberg & Garza Incorporated
The Quarry Heights Building
7373 Broadway, Suite 300
San Antonio, TX 78209
(210) 271-1700
(210) 271-1740 (facsimile)

vi

| | |
|---|---|
| *Appellee/Defendant:* | **Hazel Q. Hoskins** (in her individual and representative capacities) |
| *Counsel for Hazel Q. Hoskins:* | **Michael C. Sartori** State Bar No. 17655500 michael@msartori.com Law Office of Michael C. Sartori P.O. Box 1222 502A Houston Street George West, TX 78022 (361) 449-2691 (361) 449-2380 (facsimile) |
| *Appellee/Defendant:* | **Jane Hoskins** |
| *Counsel for Jane W. Hoskins:* | Benjamin F. Youngblood, III State Bar No. 22213700 bfy@prodigy.net Benjamin F. Youngblood III, P.L.L.C. 8207 Callaghan Road, Suite 100 San Antonio, TX 78230 (210) 308-9829 (210) 308-9854 (facsimile) |
| *Appellee/Third Party Defendant:* | **Aurora Resources Corporation** |
| *Counsel for Aurora Resources Corporation:* | **Roberta S. Dohse** State Bar No. 05955400 rdohse@hfdlaw.com **Conner R. Jackson** State Bar No. 24087786 cjackson@hfdlaw.com HOBLIT DARLING RALLS HERNANDEZ & HUDLOW, LLP 2000 Frost Bank Plaza 802 N. Carancahua Corpus Christi, TX 78401 (361) 888-9392 (361) 888-9187 (facsimile) |

*Appellees/Third Party*
*Defendants:*                          **Armadillo E&P,Inc.**
                                        **(f/k/a Texoz E&P II, Inc.)**
                                        **Sea Eagle Ford, LLC**
                                        **Sundance Energy, Inc.**


*Counsel for Armadillo E&P, Inc.,*
*Sea Eagle Ford & LLC*
*Sundance Energy, Inc*.:                **Bruce D. Oakley**
                                        State Bar No. 15156900
                                        Bruce.oakley@hoganlovells.com
                                        **Robert L. Pillow**
                                        State Bar N. 24080315
                                        Robert.pillow@hoganlovells.com
                                        Hogan Lovells US LLP
                                        700 Louisiana Street, Suite 4300
                                        Houston, TX 77002
                                        (713) 632-1420
                                        (713) 632-1401 (facsimile)


*Appellee/Third Party Defendant:*       **Texoz E&P I, Inc.**


*Counsel for Texoz E&P I, Inc.:*        Jason A. Newman
                                        State Bar No. 24048689
                                        Jason.newman@bakerbotts.com
                                        Baker Botts L.L.P.
                                        One Shell Plaza
                                        910 Louisiana Street
                                        Houston, TX 77002-4995
                                        (713) 229-1720
                                        (713) 229-2720 (facsimile)

# Table of Contents

Identities of Parties & Counsel ....................................................... ii

Table of Contents ...................................................................... ix

Index of Authorities ................................................................... xi
    Cases .............................................................................. xi, xii
    Statutes........................................................................... xii
    Rules .............................................................................. xii

Statement of the Case ............................................................... xiii

Statement Regarding Oral Argument .......................................... xv

Issues Presented ........................................................................ xv

Adoption and Incorporation of Brief of Appellees C. Clifton Hoskins
and Hoskins, Inc.......................................................................... 1

Statement of Facts ...................................................................... 2
    A.    Aurora Serves as Operator for Wells Located on the
            Hoskins and Ray Tracts............................................ 2
    B.    Appellants Sued Aurora for, among other things, the
            Nonpayment of Royalties......................................... 3
    C.    As Noted in the Hoskins Appellees' Statement of Facts,
            the Trial Court Granted Summary Judgment in Favor of
            Hoskins, and Declared Appellants Did Not Have the
            NPIRs in Production from the Hoskins and Ray Tracts ............ 4
    D.    Aurora's Traditional Motion for Partial Summary
            Judgment was Granted on a Derivative Basis.......................... 5

Summary of the Argument ........................................................... 5

Argument and Authorities............................................................. 6
    A.    The Trial Court Properly Granted Derivative Summary
            Judgment in Favor of Aurora, as the Granting of
            Summary Judgment in Favor of the Hoskins Appellees
            Disposed of any Basis for Recovery Against Aurora ............... 7

     1.  Appellants are Not "Payees" as Defined in the Statute Authorizing Non-Payment of Oil and Gas Royalties as a Cause of Action............................................................. 7

     2.  Any Benefit or Money Retained by Aurora Would Not Belong to Appellants...................................................... 8

     3.  Any Alleged Tortious Interference Could Not Have Damaged Appellants .......................................................... 10

     4.  Appellants Had No Possession of or Interest in the Property Claimed to Have Been Converted........................ 12

Conclusion ..................................................................................... 13

Prayer ............................................................................................. 14

Certificate of Compliance ............................................................. 15

Certificate of Service ...............................................................15-16

Appendix ........................................................................................ 17

# Index of Authorities

## <u>Cases</u>

*Baty v. Protech Ins. Agency*,
63 S.W.3d 841 (Tex. App.—Houston [14th Dist.] 2001, pet. denied)......... 11

*Best Buy v. Barrera*,
248 S.W.3d 160 (Tex. 2007) (per curiam)...................................................... 9

*Cristobal v. Allen*,
2010 Tex. App. LEXIS 5829 (Tex. App.—Houston [1st Dist.] 2010) ........ 10

*Delz v. Winfrey,*
16 S.W. 111 (Tex. 1891)...................................................................... 11, 13

*Heldenfels Bros., Inc. v. City of Corpus Christi*,
832 S.W.2d 39 (Tex. 1992)...................................................................... 9, 10

*J.P. Morgan Chase Bank, N.A. v. Texas Contract Carpet, Inc.*,
302 S.W.3d 515 (Tex. App.—Austin 2009, no pet.) .................................. 12

*Long Island Owner's Ass'n, Inc. v. Davidson*,
965 S.W.2d 674, 684 (Tex. App.—Corpus Christi 1998, pet. denied) .......... 6

*Massey v. Armco Steel Co.*,
652 S.W.2d 932 (Tex. 1983)...................................................................... 11

*MGA Ins. Co. v. Charles R. Chesnutt, P.C.*,
358 S.W.3d 808, (Tex. App.—Dallas 2012, no pet.) .................................... 9

*Staats v. Miller*,
240 S.W.2d 342 (Tex. Civ. App.—Amarillo 1951), *rev'd on other
grounds*, 150 Tex. 581, 243 S.W.2d 686 (Tex. 1951) .................................. 12

*Staats v. Miller*,
243 S.W.2d 686 (Tex. 1951)................................................................... 9, 10

*Stonebridge Life Ins. Co. v. Pitts*,
236 S.W.3d 201 (Tex. 2007) (per curiam)................................................... 9

*Tri-State Chems., Inc. v. Western Organics, Inc.*,
83 S.W.3d 189 (Tex. App.—Amarillo 2002, pet. denied)......................... 9, 10

*Victoria Bank & Trust Co. v. Brady*,
811 S.W.2d 931 (Tex. 1991)................................................................. 10

*Wal-Mart Stores, Inc. v. Sturges*,
52 S.W.3d 711 (Tex. 2001).................................................................. 11

## Statutes

TEX. NAT. RES CODE ANN. §91.401 (West 2005)............................................ 8

TEX. NAT. RES CODE ANN. §91.401(1) (West 2005) ..................................... 8

TEX. NAT. RES CODE ANN. §91.402 (West 2005)............................................ 8

TEX. NAT. RES CODE ANN. §91.403 (West 2005)............................................ 8

TEX. NAT. RES CODE ANN. §91.404 (West 2005)............................................ 8

TEX. NAT. RES CODE ANN. §91.404(c) (West 2005) ..................................... 8

## Rules

TEX. R. APP. P. 9.4 ............................................................................... 15

TEX. R. APP. P. 9.4(i) ........................................................................... 15

TEX. R. APP. P. 38.1(a)............................................................................ ii

TEX. R. APP. P. 38.2 .............................................................................. 1

## STATEMENT OF THE CASE

Appellee Aurora Resources Corporation ("Aurora") (Third Party Defendant below) adopts by reference and incorporates as though fully set forth herein the Statement of the Case provided in the Brief of Appellees C. Clifton Hoskins and Hoskins, Inc.

The position of Aurora in this appeal is directly dependent upon this Court's decision as to the merits of the Motion for Summary Judgment (CR 1 at 11-64) by C. Clifton Hoskins and Hoskins, Inc. ("Hoskins") and the subsequent amended motion (CR 1 at 194-381). The trial court entered an Order granting Hoskins' Amended Motion for Summary Judgment on August 4, 2014. CR 4 at 1077-81; Appendix at A.

Aurora filed its Motion for Summary Judgment on August 25, 2014, following the trial court's Order on Hoskins' Motion for Summary Judgment. CR 4 at 1155-1256.

On September 18, 2014, the trial court entered a series of orders, effectively resolving nearly all outstanding issues and facilitating Final Judgment in the case. The rulings included an Order denying the Joint Motion for Summary Judgment filed by Aery and House (CR 5 at 1656), an Order denying Aery's and House's Joint No Evidence Motion for Summary Judgment as to C. Clifton Hoskins' and Blake Hoskins' Counterclaims (CR 5 at 1654), an Order sustaining objections to

certain of Hoskins' summary judgment evidence (CR 5 at 1658), and an Order granting Hoskins's Objection and Motion to Strike certain of Aery and House's summary judgment evidence (CR 5 at 1651-52).

Also among the numerous Orders entered on September 18, 2014, was the trial court's Order on Derivative Summary Judgment Motions Based on the August 4, 2014 Order. CR 5 at 1631-33; Appendix at B. This Order granted summary judgment in favor of numerous parties, including Aurora. *Id*.

The parties subsequently dismissed cross-claims. *See, e.g*., Texoz E&P I, Inc. and Aurora's Joint Motion for Entry of Proposed Order Dismissing Crossclaims dated September 24, 2014 (CR 5 at 1669-72). An Order dismissing those cross-claims was entered October 21, 2014. CR 5 at 1685-86; Appendix at C. Aurora also nonsuited its counterclaim for declaratory relief on September 26, 2014. SR at 4-7. The trial court granted this request for nonsuit in the Final Judgment entered on October 21, 2014. CR 5 at 1707; Appendix at D.

Ultimately, all pending cross-claims and counterclaims were dismissed, nonsuited or otherwise resolved, enabling the Court to enter a Final Judgment as to all claims on October 21, 2014. CR 5 at 1705-1716; Appendix at D. That Final Judgment sets out in detail the rationale for its finality, and resolves any remaining issues associated with any summary judgment filed by Hoskins. CR 5 at 1705-07; Appendix at D. That Final Judgment also clarifies that the Order granting

summary judgment in favor of Aurora, and others, is derivative of the ruling in favor of Hoskins. CR 5 at 1706; Appendix at D. Appellants' Notice of Appeal was timely filed. CR 5 at 1718-22.

In accord with the foregoing, Aurora is aligned with the position of Hoskins in this appeal.

## STATEMENT REGARDING ORAL ARGUMENT

Appellee Aurora Resources Corporation does not believe that oral argument would be of assistance to the Court, as the facts are undisputed and the issues presented are wholly a matter of construction of deeds and conveyances. However, in the event that the Court elects to grant Appellants' request for oral argument, Appellee Aurora Resources Corporation requests the opportunity to participate therein and present argument as well.

## ISSUES PRESENTED

Appellants identify two issues on appeal. Aurora adopts the position of Hoskins, that there is really only one issue to be resolved:

The ultimate issue presented is whether the 1966 deed from Sam Quinn to James House, which described only the 623.93-acre Quinn Tract, also conveyed Quinn's one-quarter (1/4) non-participating interests in royalties ("NPIRs") in the separate Ray Tract and Hoskins Tract.

**IN THE COURT OF APPEALS**
**FOURTH COURT OF APPEALS DISTRICT OF TEXAS**
**SAN ANTONIO, TEXAS**

**BRAD AERY, ET AL.,**

*Appellants*

**v.**

**HOSKINS, INC., ET AL.,**

*Appellees.*

**On Appeal from 36th District Court of McMullen County, Texas**
**Trial Court Cause No. M-12-0045-CV-A**
**Honorable Starr Boldrick Bauer, Presiding**

**BRIEF OF APPELLEE AURORA RESOURCES CORPORATION**

**TO THE HONORABLE COURT OF APPEALS:**

COMES NOW Appellee, Aurora Resources Corporation ("Aurora"), and respectfully submits this its Brief of Appellee pursuant to Rule 38.2 of the Texas Rules of Appellate Procedure, and would respectfully show the Court as follows:

**I. ADOPTION AND INCORPORATION OF**
**BRIEF OF APPELLEES C. CLIFTON HOSKINS AND HOSKINS, INC.**

Because Aurora's position in the underlying litigation and in this appeal is clearly derivative of the position of Hoskins, Appellee Aurora hereby adopts and

incorporates by reference the Brief of Appellees C. Clifton Hoskins and Hoskins, Inc., including the Statement of Facts, Standard of Review, Argument and Authorities. To the extent additional specific reference is required as to Aurora, that is included below, as an addition to the facts and argument set forth by Hoskins.

## II. STATEMENT OF FACTS

Appellee has adopted and incorporated by reference the undisputed facts contained in the Brief of Appellees C. Clifton Hoskins and Hoskins, Inc. This includes those facts pertaining to the conveyance of the various deeds and instruments relating to ownership of and royalty interests in the estates of the various tracts comprising 2.471.8-acre ranch ("The Ranch"), as well as any others set out in Hoskins' Statement of Facts. Aurora would add the following facts which are specific to Aurora.

A. **Aurora Serves as Operator for Wells Located on the Hoskins and Ray Tracts.**

Aurora became involved in this case as result of serving as operator for various producing wells on the Hoskins and Ray Tracts. CR 1 at 77-78. Part of Aurora's obligations as operator include the proper and timely payment of royalties on the production from these wells.

2

**B. Appellants Sued Aurora for, among other things, the Nonpayment of Royalties.**

On January 10, 2014, The James House Family filed its Original Petition in Intervention, Third-Party Petition, and Application for Injunctive Relief, naming Aurora and others as Third-Party Defendants. CR 1 at 66. The James House Family identifies causes of action for trespass to try title to the mineral estate, conversion, declaratory relief, a request for injunctive relief, and a claim for the nonpayment of oil and gas proceeds or interest. All causes of action allege the same fundamental complaint: non-payment of oil and gas royalties. CR 1 at 78-83 *et seq*.

Shortly thereafter, the Aery Appellants amended their Petition to add several Defendants, including Aurora. Aery similarly raised claims for conversion and accounting, unjust enrichment and money had and received, and violation of Chapter 91 of the Texas Natural Resources Code. CR 1 at 155-166. The Aery Appellants also requested declaratory judgment, claiming they were entitled to royalties related to oil and gas production from the Hoskins and Ray Tracts in the past, present, and future, and that the NPIR was a valid and existing contractual right, passed to the Aery Appellants upon their purchase of the Quinn Tract. CR 1 at 161, *et seq.*

Appellants' live pleadings, which mirror one another, allege the following causes of action against Aurora: conversion and conspiracy to commit the same;

3

unjust enrichment and money had & received; tortious interference with existing and prospective contracts, and conspiracy to commit the same; and, pursuant to Chapter 91 of the Texas Natural Resources Code, non-payment of oil and gas proceeds. CR 3 at 1016-1031 *et seq.* (Aery live Petition); CR 3 at 1033-1059 *et seq.* (House live Plea in Intervention and Third Party Petition). Appellants' live pleadings also seek declaratory and injunctive relief. CR 3 at 1022, 1024-25; CR 3 at 1047-48, 1052-54.

**C.** **As Noted in the Hoskins Appellees' Statement of Fact, the Trial Court Granted Summary Judgment in Favor of Hoskins, and Declared Appellants Did Not Have the NPIRs in Production from the Hoskins and Ray Tracts.**

On August 4, 2014, Judge Starr Boldrick Bauer signed and entered an order granting the declaratory relief sought in Defendant C. Clifton Hoskins's First Amended Motion for Partial Summary Judgment. CR 4 at 1077-1078; Appendix at A. The Court ordered and declared that:

> The February 9, 1966 Deed from Sam E. Quinn to James L. House conveying the lands of the 623.93-acre Quinn Tract (Vol. 95, pg. 451) did not convey Sam E. Quinn's non-participating royalty interests in the Ray Tract and Hoskins Tract, originally established and described in that certain November 7, 1963 Partition and Royalty Deed (Vol. 95, pg. 357) and subsequently conveyed to Hazel Hoskins and L.R. Hoskins by that certain February 11, 1966 Deed from Sam E. Quinn to L. R. Hoskins and Hazel Hoskins conveying his non-participating royalty interests in Ray Tract and Hoskins Tract.

*Id.*

4

In conjunction with this declaration, the Court further ordered that the House and Aery Appellants take nothing on their declaratory judgment claims. CR 4 at 1078; Appendix at A.

**D**.    **Aurora's Traditional Motion for Partial Summary Judgment was Granted on a Derivative Basis.**

As further noted above, based upon the trial court's ruling as to Hoskins, Aurora moved for summary judgment, arguing that claims raised against Aurora all derived from the claims against Hoskins and therefore held no merit. CR 4 at 1155-1255 *et seq*. The trial court granted Aurora's Traditional Motion for Partial Summary Judgment and several other summary judgment motions on this same derivative basis. CR 5 at 1631-33; Appendix at B.

## III. SUMMARY OF ARGUMENT

Aurora has adopted in its entirety the argument and authorities set forth by the Hoskins Appellees in their Brief. The trial court did not err when it granted summary judgment and derivative summary judgment in favor of Appellees, including Aurora.

The trial court correctly determined that the Aery and House Appellants did not acquire non-participating interests in royalties ("NPIRs") in the Hoskins and Ray tracts. The agreement upon which Appellants base their claim is contractual in nature. Texas recognizes that cross-conveyances of royalty interests in a pooling situation can be valid, but they do not create appurtenant interests in land

5

not directly owned. Instead, they create a pooled royalty interest in gross.[1] Under the circumstances of this case, three individual tracts continued to exist, not just one.

Therefore, the Aery and House Appellants are not entitled to royalty on production from the Hoskins and Ray Tracts. All claims against Aurora are without merit, as the trial court properly found. As a matter of law, derivative summary judgment was properly granted in favor of Aurora. The trial court's judgment should in all things be affirmed.

## IV. ARGUMENT AND AUTHORITIES

Aurora Resources Corporation herein incorporates by reference the "Argument and Authorities" contained in Appellee C. Clifton Hoskins' Brief. For the reasons set forth therein, the transfer of property to Appellants through the Quinn Deed did not expressly convey Quinn's NPIRs in the Ray Tract or the Hoskins Tract. Further, it did not impliedly convey Quinn's NPIRs in the Ray Tract or the Hoskins Tract as appurtenances.

Appellee Aurora Resources also adds the following argument appropriate to the derivative claims asserted by Appellants against Aurora.

---

[1] An appurtenant interest attaches to the land; an interest in gross is personal and does not pass with the land. *See Long Island Owner's Ass'n, Inc. v. Davidson*, 965 S.W.2d 674, 684 (Tex. App.—Corpus Christi 1998, pet. denied).

**A.** **The Trial Court Properly Granted Derivative Summary Judgment in Favor of Aurora, as the Granting of Summary Judgment in Favor of the Hoskins Appellees Disposed of any Basis for Recovery Against Aurora.**

In their Opening Brief, Appellants do not address the appropriateness of the derivative summary judgment granted by the trial court in favor of Aurora. Nevertheless, in the event that Appellants challenge this grant of summary judgment in favor of Aurora or any other Appellee, Appellee Aurora would refer this Court to its underlying Motion for Partial Traditional Summary Judgment (CR 4 at 1155-1255), which sets out in detail the basis on which the trial court could properly rule that all causes of action and relief sought from Aurora are premised upon Appellants' entitlement to royalties. The trial court properly declared Appellants had no interest in the Hoskins or Ray Tracts. Appellants therefore have no basis for claiming that they have not properly been paid for royalty interests they do not possess.

**1. Appellants are Not "Payees" as Defined in the Statute Authorizing Non-Payment of Oil and Gas Royalties as a Cause of Action.**

Aurora was properly granted summary judgment regarding Appellants' claims of non-payment of oil and gas royalties on the basis that Appellants are not entitled to payments of oil and gas royalties in dispute, and thus are not "payees" as defined by the statute establishing a cause of action for non-payment of oil and gas royalties.

7

Nonpayment of oil and gas proceeds or interest is a statutory cause of action provided in Section 91.404 of the Texas Natural Resources Code whereby a statutorily-defined "payee" "has a cause of action for nonpayment of oil or gas proceeds or interest on those proceeds as required Section 91.402 or 91.403 of [the Texas Natural Resource Code]…." TEX. NAT. RES. CODE ANN. §91.404(c) (West 2005). The trial court correctly determined that Appellants are not "payees."

Texas Natural Resources Code Chapter 91, Subchapter J, Payment For Proceeds Of Sale, defines "payee" as "any person or persons legally entitled to payment from the proceeds derived from the sale of oil or gas from an oil or gas well located in this state." TEX. NAT. RES CODE ANN. §91.401(1) (West 2005). Appellants are **not** legally entitled to payment of proceeds derived from the sale of oil or gas from wells located on either the Ray or Hoskins Tracts of the Ranch, as they have no NPIRs or other royalty interests therein. CR 4 at 1077-78; Appendix at A. Appellants are therefore not "payees" as defined by §91.401, and summary judgment in favor of Aurora was properly granted as to Appellants' claims for non-payment of oil and gas royalties. TEX. NAT. RES CODE ANN. §91.401(1) (West 2005).

### 2. Any Benefit or Money Retained by Aurora Would Not Belong to Appellants.

Appellants further asserted a claim against Aurora for unjust enrichment and money had and received. CR 3 at 1023; CR 3 at 1049. Even if Aurora has

8

retained any benefit from this dispute, which it denies, it would not be to the detriment of Appellants, who have no interest in the disputed royalties.

Unjust enrichment is a theory of recovery that applies when a defendant has obtained a benefit from the plaintiff by fraud, duress, or the taking of an undue advantage. *See Heldenfels Bros., Inc. v. City of Corpus Christi*, 832 S.W.2d 39, 41 (Tex. 1992). Unjust enrichment may take the form of the unjust retention of a benefit to the detriment of another person or the unlawful retention of money or of other personal property belonging to another person. *Tri-State Chems., Inc. v. Western Organics, Inc.*, 83 S.W.3d 189, 199 (Tex. App.—Amarillo 2002, pet. denied).

Similarly, a claim for money had and received requires proof that a defendant holds money which belongs to the plaintiff in equity and good conscience. *MGA Ins. Co. v. Charles R. Chesnutt, P.C.*, 358 S.W.3d 808, 813 (Tex. App.—Dallas 2012, no pet.). It is an equitable doctrine applied to prevent unjust enrichment. *Id.; see Stonebridge Life Ins. Co. v. Pitts*, 236 S.W.3d 201, 203 at n.1 (Tex. 2007) (per curiam). A plaintiff must show that the defendant holds money or its equivalent that in equity and good conscience **belongs to the plaintiff**. *Best Buy v. Barrera*, 248 S.W.3d 160, 162–163 (Tex. 2007) (per curiam); *Staats v. Miller*, 243 S.W.2d 686, 687 (Tex. 1951); *see Tri-State Chems.*, 83 S.W.3d at 194-95 (equivalent of money may be recovered).

Appellants have no royalty interest in production from the Hoskins or Ray Tracts. As such, any money or other benefit Aurora may hold from production of oil and gas on the Ray Tract or the Hoskins Tract, which Aurora denies, does not belong to Appellants either legally or in equity. *See Staats*, 243 S.W.2d at 687; *Tri-State Chems.*, 83 S.W.3d at 199. As the oil and gas, or any monetary equivalent such as royalties, do not belong to Appellants, any withholding or benefit received by Aurora has not been obtained from Appellants. *See Cristobal v. Allen*, 2010 Tex. App. LEXIS 5829, *16-17 (Tex. App.—Houston [1st Dist.] 2010) (citing *Heldenfels Bros., Inc.,* 832 S.W.2d at 41). As Appellants are not an aggrieved party, summary judgment was properly granted in favor of Aurora with respect to Appellants' causes of action of unjust enrichment and money had and received.

### 3. Any Alleged Tortious Interference Could Not Have Damaged Appellants.

The elements of a cause of action for tortious interference with an existing contract are: (1) the existence of a contract subject to interference; (2) a willful and intentional act of interference; (3) such act was a proximate cause of damage; and (4) actual damage or loss occurred. *Victoria Bank & Trust Co. v. Brady*, 811 S.W.2d 931, 939 (Tex. 1991).

The elements of a cause of action for tortious interference with a prospective contract are: (1) a reasonable probability that the parties would have entered into a

10

contractual relationship; (2) an "independently tortious or unlawful" act by the defendant that prevented the relationship from occurring; (3) the defendant did such act with a conscious desire to prevent the relationship from occurring or knew that the interference was certain, or substantially certain, to occur as a result of his conduct; and (4) the plaintiff suffered actual harm or damage as a result of the defendant's interference. *Wal-Mart Stores, Inc. v. Sturges*, 52 S.W.3d 711, 726 (Tex. 2001); *Baty v. Protech Ins. Agency*, 63 S.W.3d 841, 860 (Tex. App.— Houston [14th Dist.] 2001, pet. denied).

Finally, a conspiracy is a combination by two or more persons to accomplish an unlawful purpose or to accomplish a lawful purpose by unlawful means. *Massey v. Armco Steel Co.*, 652 S.W.2d 932, 934 (Tex. 1983). The essential elements of a conspiracy include one or more unlawful, overt act and damages as the proximate result. *Id.* If a plaintiff is incapable of sustaining a separate action against a defendant on account of the matter complained of, then a charge of conspiracy will not sustain it alone. *Delz v. Winfrey,* 16 S.W. 111, 112 (Tex. 1891). In other words, the act complained of as accomplished or attempted to be accomplished through the conspiracy must be actionable itself. *Id.*

Aurora has done no tortious act, much less an intentional act of interference, and has not caused damages to Appellants. Appellants have no royalty interests in production from the Hoskins or Ray Tracts. CR 4 at 1077-78; Appendix at A.

11

Because Appellants had no such interests, they cannot as a matter of law have suffered any damages from the nonpayment of monies to which they are not entitled.

Because an element of Appellants' tortious interference claim fails as a matter of law, and the alleged tortious conduct underlying Appellants' claim for conspiracy is not actionable, summary judgment in favor of Aurora disposing of Appellants' claims of tortious interference and conspiracy to commit the same was properly granted.

### 4. Appellants Had No Possession of or Interest in the Property Claimed to Have Been Converted.

Conversion is an offense against the possession of property. *Staats v. Miller*, 240 S.W.2d 342, 345 (Tex. Civ. App.—Amarillo 1951), *rev'd on other grounds*, 150 Tex. 581, 243 S.W.2d 686 (Tex. 1951). If the plaintiff did not or does not own, possess, or have the right to possession of property, the plaintiff has no property interest and cannot sue for conversion. *J.P. Morgan Chase Bank, N.A. v. Texas Contract Carpet, Inc.*, 302 S.W.3d 515, 536-39 (Tex. App.—Austin 2009, no pet.). This is self-evident. Here, the property in question, oil and gas produced from the Ray and Hoskins Tracts, is not the property of Appellants. CR 4 at 1077-78; Appendix at A. As such, a claim that Aurora converted property in which Appellants have no possessory rights or entitlement of any other nature necessarily

fails. Moreover, as Appellants' conversion claims cannot be sustained, neither can Appellants' claims of conspiracy to commit conversion. *See Delz*, 16 S.W. at 112.

Based on the foregoing, summary judgment was properly entered in favor of Aurora and against Appellants' claims for conversion and conspiracy to commit conversion.

## V. CONCLUSION

The trial court's Order granting summary judgment in favor of C. Clifton Hoskins and Hoskins, Inc. reflects the proper construction and interpretation of the relevant deeds and conveyances as it relates to the royalty interests at issue. Because the issue centers on the interpretation and construction of written deed and agreements, the question presented is inherently one of law, and the trial court was within its rights and discretion to make such a ruling.

Appellants raise no argument in their Opening Brief regarding the fitness of the trial court in granting derivative summary judgment. Appellants' claims, including those against Aurora, are entirely conditioned upon ownership of relevant royalty interests. The trial court determined those interests do not belong to Appellants. The trial court further acted properly, and in accordance with controlling legal principles, by granting derivative summary judgment in favor of Aurora and all other appellees. Accordingly, as to Aurora and all other appellees, the Final Judgment entered by the trial court should be upheld in all respects.

## VI. PRAYER

WHEREFORE, Appellee Aurora Resources Corporation respectfully requests that the trial court's judgment in all things be affirmed, including the granting of summary judgment in favor of Appellee Aurora. Appellee further prays for such other and further relief to which it may be justly entitled.

Respectfully submitted,

**HOBLIT DARLING RALLS HERNANDEZ**
**& HUDLOW, LLP**
2000 Frost Bank Plaza
802 N. Carancahua
Corpus Christi, TX 78401
(361) 888-9392
(361) 888-9187 (facsimile)

/s/ Roberta S. Dohse
Roberta S. Dohse
State Bar No. 05955400
rdohse@hfdlaw.com
Conner R. Jackson
State Bar No. 24087786
cjackson@hfdlaw.com

*Counsel for Appellee*
*Aurora Resources Corporation*

14

## CERTIFICATE OF COMPLIANCE

I hereby certify that this Appellees' Brief has been computer-generated, using Word by Microsoft, in 14-point font, Times New Roman, in accord with TEX. R. APP. P. 9.4, and that the number of words in this document totals approximately 2,920, excluding the caption, identity of parties and counsel, statement regarding oral argument, table of contents, index of authorities, statement of the case, statement of issues presented, statement of jurisdiction, statement of procedural history, signatures, proof of service, this certificate of compliance, and any appendix (as is permitted by and in compliance with Tex. R. App. P. 9.4(i)).

/s/ Roberta S. Dohse
**Roberta S. Dohse**
**Counsel for Appellees**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of *Appellees' Brief* has been forwarded to all counsel of record, via U.S. Postal Services, Certified Mail, return receipt requested, and/or via electronic filing, on this the 20th day of May, 2015.

Dan Pozza
Law Offices of Dan Pozza
239 E. Commerce Street
San Antonio, TX 78205-2923

Marc K. Whyte
Whyte, PLLC
209 Tuttle
San Antonio, TX 78209

Melanie Hessler Phipps
Kustoff & Phipps, LLP
4103 Parkdale Street
San Antonio, TX 78229-2520

John George, Jr.
Matthew F. Wymer
Bierne Maynard & Parson, LLP
112 East Pecan Street, Suite 2750
San Antonio, TX 78205

Rosemarie Kanusky
John W. Weber, Jr.
Jeffrey A. Webb
Norton Rose Fulbright
300 Convent St., Suite 2100
San Antonio, TX 78205

C. David Kinder
Corey F. Wehmeyer
Amy Davis
Benjamin Robertson
Lindsay Scaief Riley
Ellen B. Mitchell
Dykema Cox Smith
112 East Pecan, Suite 1800
San Antonio, TX 78205

Michael C. Sartori
Law Office of Michael C. Sartori
P.O. Box 1222
502A Houston Street
George West, TX 78022

David L. Ylitalo
Coats Rose PC
1020 Northeast Loop 410, Suite 800
San Antonio, TX 78209

Peter E. Hosey
Julia W. Mann
Jackson Walker, L.L.P.
112 E. Pecan Street, Suite 2400
San Antonio, TX 78205

Ezra A. Johnson
Joseph B.C. Fitzsimons
J. Byron "Trace" Burton, III
Uhl, Fitzsimons, Jewett
 & Burton, PLLC
4040 Broadway, Suite 430
San Antonio, TX 78209

/s/ Roberta S. Dohse
Roberta S. Dohse

16

# APPENDIX

Exhibit A    Order Granting Defendant C. Clifton Hoskin's First Amended Motion for Partial Summary Judgment (August 4, 2014) (CR 4 at 1077-81)

Exhibit B    Order on Derivative Summary Judgment Motions Based on August 4, 2014 Order (September 18, 2014) (CR 5 at 1631-33)

Exhibit C    Agreed Order Dismissing Texoz E&P I, Inc.'s and Aurora Resources Corporation's Cross-Claims for Contribution Without Prejudice (October 21, 2014) (CR 5 at 1685-86)

Exhibit D    Final Judgment (entered October 21, 2014) (CR 5 at 1705-1716)