# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 17-50765

United States Court of Appeals
Fifth Circuit

**FILED**
July 27, 2018

Lyle W. Cayce
Clerk

ROBERTO M. VILLARREAL,

      Plaintiff - Appellee

v.

FIRST PRESIDIO BANK, and its Successor-in-Interest, Big Bend Banks, National Association, doing business as The Marfa National Bank,

      Defendant - Appellant

Appeal from the United States District Court
for the Middle District of Texas
USDC No. 3:15-CV-88

Before DAVIS, HAYNES, and DUNCAN, Circuit Judges.

PER CURIAM:*

In this case we conclude that the plaintiff may not validly bring a money-had-and-received claim to contest a Texas bank's refusal to honor a cache of decades-old certificates of deposit. The express terms of the CDs governed the parties' payment dispute. Instead of suing for breach of contract, however, the plaintiff sued for money-had-and-received, a claim based on quasi-contract.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 17-50765

That theory is precluded by Texas law: "[W]hen a valid, express contract covers the subject matter of the parties' dispute, there can be no recovery under a quasi-contract theory[.]" *Fortune Prod. Co. v. Conoco, Inc.*, 52 S.W.3d 671, 684 (Tex. 2000). The district court misapplied that settled rule. We therefore REVERSE the district court's judgment and RENDER judgment for the bank.

I.

In May 2014, Roberto M. Villarreal ("Villarreal") attempted to redeem five certificates of deposit ("CDs") he had purchased in 1983 and 1984 from First Presidio Bank ("Bank") in Presidio, Texas. Villarreal had the physical certificates for each CD, which he had retrieved by drilling his long-defunct safety deposit box. The Bank refused to pay. It believed the three-decades-old CDs had been redeemed years ago through a "lost certificate" affidavit, which would have allowed redemption without physical certificates. The Bank lacked records to back this up—given industry practice to destroy records every five-to-seven years—but Bank employees testified that Villarreal had used this procedure to redeem CDs. Moreover, Villarreal's checking account had been closed since 2008, and six months of statements from that year (one of the few records produced at trial) showed no interest deposit from any CD, although both parties agreed that any interest would have been deposited into that account. For his part, Villarreal maintained he had never redeemed the CDs.

In March 2015, Villarreal sued the Bank in federal court under two Texas law theories: (1) wrongful dishonor, *see* TEX. BUS. & COM. CODE ANN. § 4.402, and (2) money-had-and-received (which, as discussed below, is premised on quasi-contract). On January 17, 2017, the district court denied the Bank's motion for summary judgment on both claims.

Following Villarreal's case-in-chief, the Bank filed a motion for judgment, which the district court granted on the wrongful dishonor claim but denied on the money-had-and-received claim. As relevant here, the court held

No. 17-50765

that the existence of a contract (i.e., the CDs) did not preclude Villarreal's money-had-and-received claim. It reasoned that Villarreal sought relief that was not "inconsistent" with the contract and, further, that the contract did not cover the issue in dispute because it did not address "whether or not Plaintiff has redeemed the certificates of deposit." After a bench trial, the court entered judgment in Villarreal's favor on the money-had-and-received claim for $210,572.50, representing the sum of the CDs plus interest dating back to 1983 and 1984. The Bank timely appealed on multiple grounds, including the ground that the express contracts evidenced by the CDs should preclude Villarreal's money-had-and-received claim.

## II.

In an appeal from a bench trial we review findings of fact for clear error and legal issues de novo. *In re Mid–South Towing Co.*, 418 F.3d 526, 531 (5th Cir. 2005). We need resolve only the legal issue of whether Villarreal brought a valid money-had-and-received claim under Texas law.[1]

## III.

Under Texas law the CDs were valid and enforceable contracts evidencing a debt between the parties. *See, e.g., Ames v. Great S. Bank*, 672 S.W.2d 447, 449 (Tex. 1984) (explaining "[t]he provisions of a certificate of deposit form a contract which creates the relationship of debtor and creditor between the bank and its depositor … subject to the law of contracts"). Villarreal did not sue for breach of contract, however.[2] He sued for money-had-and-received, which is a claim rooted in quasi-contract and unjust

---

[1] We sit in diversity—Villarreal is a Mexican citizen and the Bank is a Texas citizen—and therefore apply Texas substantive law. *Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938); 28 U.S.C. § 1332(a)(2).

[2] When asked why at oral argument, Villarreal's counsel could give no explanation.

enrichment.[3] *Fortune*, 52 S.W.3d at 683; *Stonebridge Life Ins. Co. v. Pitts*, 236 S.W.3d 201, 203 n.1 (Tex. 2007).

Settled Texas law precludes Villarreal's money-had-and-received claim: "[W]hen a valid, express contract covers the subject matter of the parties' dispute, there can be no recovery under a quasi-contract theory[.]" *Fortune*, 52 S.W.3d at 684; *accord N. Cypress Med. Ctr. Operating Co., Ltd. v. Cigna Healthcare*, 781 F.3d 182, 204 & n.138 (5th Cir. 2015) (citing *Fortune*). Good reason supports that rule: quasi-contract actions *presuppose* no contract governs the dispute. *See, e.g.*, *Fortune*, 52 S.W.3d at 684 (explaining "[a] quasi-contract … 'is not a contract at all but an obligation imposed by law to do justice even though it is clear that no promise was ever made or intended'") (quoting Calamari, et. al., *The Law of Contracts* § 1–12 (3d ed. 1987)). Applying that principle, Texas courts of appeals have explained that "[t]he quasi-contractual action for money had and received is a cause of action for a debt *not* evidenced by a written contract between the parties." *MGA Ins. Co. v. Charles R. Chesnutt, P.C.,* 358 S.W.3d 808, 815 (Tex. App.—Dallas 2012, no pet.) (citing *Edwards v. Mid-Continent Office Distributors, L.P.*, 252 S.W.3d 833, 836 (Tex. App.—Dallas 2008, pet. denied)) (emphasis added).[4] That general rule settles this case: express written contracts (the CDs) governed the parties' payment dispute, precluding a quasi-contract theory like money-had-and-received.

---

[3] A money-had-and-received claim requires a plaintiff to "show that a defendant holds money which in equity and good conscience belongs to him." *Plains Exploration & Prod. Co. v. Torch Energy Advisors, Inc.*, 473 S.W.3d 296, 302 n.4 (Tex. 2015) (internal quotation marks and citation omitted).

[4] *See also Mowbray v. Avery*, 76 S.W.3d 663, 679 (Tex. App.—Corpus Christi-Edinburg 2002, pet. denied) (explaining that "[t]he unjust enrichment doctrine applies the principles of restitution to disputes where there is no actual contract"); *Amoco Prod. Co. v. Smith*, 946 S.W.2d 162, 164 (Tex. App.—El Paso 1997, no pet.) ("The implied contract action for money had and received is a cause of action for debt not evidenced by a writing.").

No. 17-50765

The district court mistakenly thought this case fell within an exception to that general rule. Under Texas law an overpayment beyond what a contract provides may sometimes be recovered as unjust enrichment. *See, e.g., Sw. Elec. Power Co. v. Burlington N. R.R. Co.*, 966 S.W.2d 467, 469–70 (Tex. 1998) (observing that "in some circumstances, overpayments under a valid contract may give rise to a claim for restitution or unjust enrichment") (and collecting decisions); *accord N. Cypress Med. Ctr.*, 781 F.3d at 204 & n.139 (citing *Sw. Elec. Power Co.*). If an overpayment qualifies as unjust enrichment, reasoned the district court, so should an *under*payment. Villarreal re-urges this argument on appeal. We disagree. Overpayment typically falls outside a contract's terms and, in that event, the contract would not "cover[ ] the subject matter of the parties' dispute." *Fortune*, 52 S.W.3d at 684. By contrast, here the dispute involved the claimed *non*-payment of a debt evidenced by express contracts (the CDs). Unjust enrichment has no role to play.

On appeal, Villarreal also argues that because he sought relief "not … inconsistent" with the express contracts, he was not barred from claiming money-had-and-received. Texas law is to the contrary: the Texas Supreme Court has explained that recovery under equitable theories is "generally inconsistent" with an express agreement covering the dispute. *Fortune*, 52 S.W.3d at 684. Moreover, Villarreal's rule would lead to absurd results. If a party could claim money-had-and-received so long as the recovery sought was "not inconsistent" with the contract, then *any* contract claim could be re-cast in quasi-contract, rendering contract law inert. As already explained, a quasi-contract theory like money-had-and-received presupposes no valid contract. *See id.*[5]

---

[5] *Staats v. Miller*, 150 Tex. 581 (1951), on which Villarreal heavily relies, is not to the contrary. There, the defendant allegedly breached an oral agreement to repair and sell a harvester, after which the defendant would return some of the proceeds to the plaintiffs. *Id.*

No. 17-50765

Finally, the district court reasoned (as does Villarreal on appeal) that the CDs did not govern the dispute because their terms did not address "whether or not Plaintiff has redeemed the certificates of deposit." The pleadings demonstrate otherwise. The subject matter of Villarreal's money-had-and-received claim and the contracts was identical—namely, the debt putatively owed Villarreal according to the terms of the CDs. *See, e.g., Fortune*, 52 S.W.3d at 684 (comparing "subject matter" of contract and unjust enrichment claim and concluding that "the contract governs the parties' respective rights and obligations with regard to [that subject matter]"). Texas law therefore precludes recovery under an unjust enrichment theory like money-had-and-received. *Id*.

IV.

We REVERSE the judgment of the district court and RENDER judgment for the Bank.

---

at 585. The Texas Supreme Court held the plaintiffs had "stated a cause of action for money had and received." *Id. Staats* does not discuss whether the agreement's terms were inconsistent with an equitable theory of recovery. In any event, the decision must be read in light of the rule articulated in subsequent Texas Supreme Court cases that "when a valid, express contract covers the subject matter of the parties' dispute, there can be no recovery under a quasi-contract theory." *Fortune,* 52 S.W.3d at 684; *see also, e.g., Sw. Elec. Power Co.*, 966 S.W.2d at 469-70 (characterizing *Staats* as "allowing restitution for *excess money* held by defendant … pursuant to oral contract") (emphasis added).